## The Central Railroad Co. of New Jersey *versus* Feller *et al.*

1. F. approached a railroad crossing, with which he was perfectly familiar, and with a manageable team. He drove by an open space, through which he had an extended view of the railroad, and stopped directly in front of a watch-house of the railroad, which intercepted his view in the same direction. In this position he stood still for an instant, turning his head around as if looking for the train, and then whipped up his team to cross the track, and colliding with a passing train was killed. He was partially deaf, but did not leave the wagon to look past the watch-house. *Held*, that he was guilty of contributory negligence, and the court should have instructed the jury that no damages could be recovered for his death.

2. The erection of the watch-house in this position was not negligence *per se*, and the question whether it was negligence to be so located should go to the jury to determine upon the circumstances.

March 29th 1877.    Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.   SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Carbon county :* Of January Term 1877, No. 256.

Case by Mary Feller and others, the widow and heirs of Henry Feller, against the Central Railroad Company of New Jersey, to recover damages for the death of said Henry Feller, which it was alleged was caused by the negligence of the defendant company.

The facts are fully stated in the opinion of this court.

At the trial, before Dreher, P. J., the following was the third point submitted by plaintiff :—

If the jury believe that the watch-house erected by the company shut off the view of approaching trains then the company is liable for the collision in the absence of negligence of the deceased.

The answer of the court was : " This point we affirm, but charge you further, as in our answer to the second point, that if the deceased could not see the approaching train from where he stopped, because the watch-house obstructed his view and there was a point on the hill approaching the railroad from which he could have seen the approaching train, he was guilty of negligence."

The fourth point of the defendant was :—

Feller was bound, as every man crossing a railroad, in ordinary prudence is bound, to look in all directions in which trains may approach and to pause until he found he could cross with safety; and as the evidence here shows he did not do so, there can be no recovery, and the court is requested to give binding instructions to that effect to the jury.

" Negatived.   It is the duty of a railroad company, at the places where their road crosses a public carriage road or highway, to so construct and maintain the crossing that travellers exercising ordinary care and prudence may safely pass ; and their failure to construct and maintain such a crossing would be negligence.   It is a

[Central Railroad Co. of New Jersey *v.* Feller.]

question for the jury whether the erection of the watch-house by the company obstructed the view, and if so whether it was negligence in the company to erect it at that point.

" A railroad in running its locomotive and cars is required to give notice and warning by ringing of a bell, and in cases of perceived danger to a traveller by an alarm whistle, on approaching the crossing, at grade, of a public highway. It is not bound to stop its cars, but must give the notice.

" It is the duty of a traveller on a public highway, when approaching a railroad crossing, at grade, to stop before attempting to cross, and look and listen for an approaching train, and if he fails to do so, such failure is negligence, and in case of injury to him or his property, he cannot recover any damages. The reason for these rules are, that persons, passengers travelling in the cars of the company, as well as travellers on the highway, may travel with a sense of comparative security, and that the company's property as also that of a traveller on the highway may be protected from the carelessness of each other. The more dangerous the crossing the greater should be the care and caution of both the company and the traveller on the highway. Increased danger requires increased vigilance.

" Now, applying these rules of law to the evidence in this case, was Henry Feller killed by the negligence of the defendant, or did the accident which resulted in his death occur either in whole or in part from his own negligence ? If the company was negligent and there was no negligence on his part which contributed to the accident, and the accident resulted from such negligence of the company, then the plaintiffs are entitled to recover. If the company was not negligent then the plaintiffs cannot recover. If Henry Feller was negligent and his negligence in any way contributed to the accident which caused his death, then the plaintiffs cannot recover, although you should think the company was negligent."

The verdict was for the plaintiffs for $1840, and after judgment the defendant took this writ, among other assignments alleging that the court erred in affirming plaintiffs' and refusing defendant's points as above.

*Albright & Freyman,* for plaintiff in error.—The death of Feller was caused by his own negligence, and this court should have taken the case from the jury.

The duty of stopping is more manifest when an approaching train cannot be seen or heard than when it can. If the traveller cannot see the track from any cause he should get out and if necessary lead his horse : Pennsylvania Railroad Co. *v.* Beale, 23 P. F. Smith 504.

Persons about to cross a railroad are bound to recognise the danger and to make use of the sense of sight as well as hearing, and if

[Central Railroad Co. of New Jersey *v.* Feller.]

one sense cannot be used the obligation is the greater to use the other, and to ascertain before attempting to cross if a train is in dangerous proximity, and if they do not they cross at their own risk and such conduct is negligence as a matter of law: Lake Shore Railroad Co. *v.* Miller, 25 Mich. 274; Chicago & Rock Island Railroad Co. *v.* McKean, 40 Ill. 218; Bellefontaine Railroad Co. *v.* Hunter, 33 Ind. 335.

If the plaintiff's own case discloses contributory negligence he cannot recover: Pennsylvania Canal Co. *v.* Bentley, 16 P. F. Smith 30; Cleveland and Pittsburgh Railroad Co. *v.* Rowan, Id. 393. If believing the plaintiff's witnesses there was not enough upon which to found a reasonable conclusion, it is not a question of the weight of evidence, but there is no evidence at all: Pennsylvania Railroad Co. *v.* Shay, 1 Norris 198.

*Allen Craig* and *W. M. Rapsher*, for defendants in error.—It is not incumbent on the part of a plaintiff in order to recover damages for his death to show affirmatively that before attempting to cross the track, he did stop and look and listen. The common-law presumption is that every one does his duty until the contrary is proved, and in the absence of all evidence on the subject, the presumption is that the decedent observed the precautions which the law prescribes before he attempted to cross: Pennsylvania Railroad Co. *v.* Weber, 26 P. F. Smith 168; Weiss *v.* Pennsylvania Railroad Co., 2 Weekly Notes 214.

If the plaintiff's evidence does not disclose contributory negligence, the burden is on the defendant to disprove care: Pennsylvania Railroad Co. *v.* Weber, *supra;* Weiss *v.* Pennsylvania Railroad Co., *supra;* Pennsylvania Canal Co. *v.* Bentley, *supra;* Cleveland & Pittsburgh Railroad Co. *v.* Rowan, *supra;* Lehigh Valley Railroad Co. *v.* Hall, 11 P. F. Smith 368.

What is proper care cannot be determined by any fixed rule of law, but must depend upon the facts of the particular case: Phila., Wil. & Balt. Railroad Co. *v.* Stinger, 28 P. F. Smith 226; Pennsylvania Railroad Co. *v.* Ackerman, 24 Id. 265; Pennsylvania Railroad Co. *v.* Lewis, 29 Id. 45; Whart. on Neg., sect. 420, and n. 1; Hoyt *v.* City of Hudson, 3 Law & Eq. Rep. 275; Phila. & Trenton Railroad Co. *v.* Hagan *et al.*, 11 Wright 244.

Chief Justice AGNEW delivered the opinion of the court, May 7th 1877.

This case was well tried in the court below, except in a single aspect which the court failed to notice. The consequence has been that the jury, looking at one side only, followed the common bent of jurors when a railroad company is a party. Had the consequence of Henry Feller's negligence been the destruction of the

[Central Railroad Co. of New Jersey *v.* Feller.]

train and a heavy loss of human life, the case would have been seen very differently. Being himself the only sufferer, the interests of the Railroad Company and the public have been lost sight of. A motion for a nonsuit at the close of the plaintiff's evidence would have disclosed the true character of the case. Taking that evidence alone we have this state of facts : Henry Feller had driven to Weissport with a load of ties, crossing the railroad, and was returning in the afternoon in broad daylight. He was perfectly familiar with the crossing, having driven over it frequently for several years, often two and three times a week. His team of mules was gentle and manageable. On the return the ascent is steep, passing a row of houses in front of iron works, which extended nearer to the railroad. A watch-house eight feet in width stood about five feet from the railroad and from six to eight feet from the road he was travelling. Between the iron works and the watch-house is a considerable space through which he could see up the railroad beyond the depot, about six hundred and fifty feet. Feller drove his team and empty wagon past this opening without stopping, and came to a stand right before the watch-house, the heads of the mules passing the watch-house and being within three or four feet of the outer rail. He stood in his wagon, and according to the testimony of all the witnesses of the plaintiff who saw the occurrence the watch-house shut out his sight above, in the direction in which the train was coming. In this position he stopped momentarily, turning his head as if looking to each side, then whipped his mules with the lines held in his hands ; the mules starting, had just gotten upon the track when the engine struck them, killing one and maiming the other, breaking up the wagon and killing Feller. All the witnesses agree that where he stood in the wagon he could not see up the track ; that he did not get down and look past the watch-house, but drove on after a short pause, though unable to see the track on his left side. These are the uncontradicted facts, as shown in the plaintiff's own testimony. In such a case the question becomes one of law : Rung *v.* Shoneberger, 2 Watts 27. It was a plain case of foolish negligence, in passing a point where he could see, and stopping at a point where he could not see in one direction, and yet driving on without any attempt at examination, except to turn his head in each direction. He was somewhat deaf, but this was unknown to those on the train, even if they could have supposed he would drive on past the watch-house. But he himself being aware of his own defect, had a greater reason for caution in advancing. On the plaintiff's own showing it was a clear case of concurring negligence, which the testimony for the defence makes even more apparent. The engineer saw the wagon passing through the opening when moving to the watch-house, and gave five or six sharp alarm whistles, heard by many, including the plaintiff's witnesses. A witness testified that a person saw the deceased passing up toward the railroad,

[Central Railroad Co. of New Jersey *v.* Feller.]

and told him to wait, that a train was coming. The case was therefore not helped out by the defendant's testimony. It was a case of uncontradicted concurring negligence, upon which the court should have instructed the jury that the plaintiffs could not recover. The attention of the court was called to the state of the evidence by the defendant's fourth point; and instead of negativing it, the court should have affirmed it.

The affirmation of the plaintiffs' third point was not exactly accurate, though it is perhaps redeemed from error by the qualification and the charge. This point is, "If the jury believe that the watch-house erected by the company shut off the view of approaching trains, then the company is liable for the collision, in the absence of negligence of deceased." In effect this was to say that it was negligence *per se*, and binding on the jury. That the placing of a watch-house in the way and shutting out a view of the railroad, so as to entrap travellers at a crossing, may be such a wrongful act as will render the company liable, may be well conceded. But it is one which is not negligence *per se*. A railroad company is entitled to a full and free enjoyment of its own property, and to place upon it all needed structures. For example, the block system of running upon railroads is found to be a valuable aid in the security it affords. This system requires signal stations along the route and close to the track; and circumstances may require a signal station or a depot or station to be placed near to a crossing. It would be too much to say that any one found near a public road is a nuisance *per se*. So a watch-house for a flagman at a crossing may be necessary. The question is one of circumstances and not of legal conclusion, and necessarily must go to a jury to determine upon the circumstances. But the slight inaccuracy in affirming the point generally is counteracted by the qualification, and also by the general charge, which submits the question as to the watch-house clearly and fully to the jury.

Judgment reversed, and a *venire facias de novo* awarded.