## McGill, Appellant, v. Pittsburgh & Western Ry.

*Negligence—Railroads—Contributory negligence—" Stop, look and listen "—When question for jury.*

Where the evidence is conflicting or where there are inferences of fact to be drawn from the testimony, the question whether a person injured at a railroad crossing stopped, looked and listened at the right place or not is for the jury, and it is error to rule it as a question of law.

In an action to recover damages for the death of plaintiff's husband at a railroad crossing, it appeared that on the east of the crossing was a station house, and on either side of the main track were long sidings which, at the time of the accident, were filled with box and other cars, obstructing the view of the trains approaching from the east. About thirty-five feet south of the crossing was a bridge, the north end of which was nearly four feet higher than defendant's tracks, so that there was a steep grade from the bridge to the crossing. There was no watchman at the crossing.

The evidence tended to show that the express train, by which deceased was struck, passed over the crossing an hour late, at a high rate of speed, without ringing a bell, sounding a whistle, or giving any kind of warning. The deceased stopped and looked at the north end of the bridge, within less than fifty feet of the railroad track. In the opinion of some of the witnesses the deceased could have seen, over the box cars, the top of the smoke stack of the engine, and top of the passenger coaches, but the testimony as to this was somewhat conflicting. The testimony was also conflicting as to whether he could have seen the train if he had stopped at another point. *Held,* that the question of decedent's contributory negligence was for the jury.

Argued Nov. 10, 1892.   Appeal, No. 132, Oct. T., 1892, by plaintiff, Julia McGill, from order of C. P. No. 2, Allegheny Co., Oct. T., 1890, No 353, refusing to take off compulsory nonsuit.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass to recover damages for the death of plaintiff's husband killed at railroad crossing through alleged negligence of defendant.

The facts appear by the opinion of the Supreme Court.

The court, WHITE, J., entered a compulsory nonsuit, and subsequently, in an opinion, refused to take it off.

*Errors assigned* were, (1) entry of nonsuit; (2) refusal to take off nonsuit.

*William R. Blair, William S. Pier* with him, for appellant.—The fact of deceased's contributory negligence being disputed, the question was for the jury: Neiman v. Delaware, & Hudson Canal Co., 1 Adv. R. 758; Kehler v. Schwenk, 144 Pa. 348 ; Christman v. R. R., 141 Pa. 614 ; Ellis v. R. R., 138 Pa. 506 ; Lake Shore Ry. v. Frantz, 127 Pa. 306; Penna. R. R. v. Ackerman, 74 Pa. 265; McNeal v. Ry., 131 Pa. 184 ; Arnold v. Penna. R. R., 115 Pa. 138; Penna. R. R. v. Garvey, 108 Pa. 369 ; Schum v. R. R., 107 Pa. 8; Del., L. & W. R. R. v. Jones, 128 Pa. 314; Fisher v. Railway Co., 131 Pa. 297; Carroll v. R. R., 12 W. N. 348; Carr v. Easton, 142 Pa. 142.

*Johns McCleave,* for appellee, cited Central R. R. v. Feller, 84 Pa. 226.

OPINION BY MR. JUSTICE STERRETT, January 3, 1893 :

It is conceded that, by reason of its surroundings, the Bridge street crossing at which plaintiff's husband was fatally injured

was exceptionally dangerous.    Immediately on the east is an old unused station house, and on either side of the main track are long sidings, which, at the time of the accident, were filled with box and other cars.   The view of trains approaching from the east was thus considerably obstructed.   About thirty-five feet south of the crossing is Herr's Island bridge, the north end of which is nearly four feet higher than defendant's tracks, so that the descending grade from the bridge to the railroad crossing is quite steep.   There was no watchman at the crossing, nor anything to warn travelers on Bridge street of approaching trains.

As to the alleged negligence of defendant company, the evidence tended to show that the express train, by which deceased was struck, passed over the crossing an hour late, at a high rate of speed, without ringing bell, sounding whistle or giving any kind of warning.   The evidence was quite sufficient to carry the case to the jury on the question of defendant's culpable negligence.

On the other hand, it was clearly and distinctly shown that the deceased stopped and looked at the north end of the bridge, within less than fifty feet of the railroad track, and the presumption is that he listened.   The only question, on the motion for judgment of nonsuit, was his alleged contributory negligence in not stopping, looking and listening at a point where he could have had a better view of the approaching train.   According to the opinion of some of the witnesses, from the position he occupied at the end of the bridge, he could have seen, over the box cars, etc., the top of the smoke stack of the engine and top of the passenger coaches.   As to that, however, the testimony was somewhat conflicting.   It is reasonably certain, however, that he neither heard nor saw the rapidly approaching train, because it cannot be presumed that he would willfully drive upon the track in front of the train, to his own sure destruction.

Conceding, for the sake of argument, that there was some evidence tending to show that the deceased was guilty of contributory negligence in not stopping at a point where he might have had a more unobstructed view, that evidence should have been submitted to the jury under proper instructions as to the principles of law involved.   It was their exclusive province to

consider and weigh the testimony and draw therefrom such conclusions of fact as in their judgment were warranted. When the facts are either admitted, or established by undisputed evidence, it is, of course, the duty of the court to declare the law applicable to them. But in this case, there were no such admitted or established facts as warranted the trial judge in withdrawing the case from the jury on the ground that the deceased was guilty of contributory negligence in not stopping, looking and listening at the proper point; nor had he any right to infer the existence of such facts from the testimony, because that would be an invasion of the province of the jury. If any inferences of fact were to be drawn from the testimony, it was for the jury and not the court to do it. As was said in Ellis v. Railroad Co., 138 Pa. 506, the inquiry whether the party injured stopped at the right place or not " was for the jury, and it would have been error to have ruled it as a question of law."

The question of plaintiff's alleged contributory negligence involved several considerations, all of which were for the consideration and determination of the jury. Without further noticing any of these, it is sufficient to say that the learned court erred in not taking off the judgment of nonsuit.

Judgment reversed and a procedendo awarded.

See, also, the preceding case.