## Whitman, Appellant, *v.* Pennsylvania R. R.

*Negligence—Railroads—Grade crossing—Stop, look and listen—Proper place—When question for jury.*

In an action to recover damages for injuries received at a grade crossing, if the facts are undisputed that the plaintiff did not stop at a proper place to look and listen, it is the duty of the court to declare the law ; but if the facts are disputed, the question is for the jury.

Plaintiff was injured on the tracks of a railroad at a public grade crossing. Plaintiff stopped at a point about one hundred feet from the track where he had a view of the track for about thirty-five yards to the east. Further view from the road was cut off by a curve in the track and by a hotel. Five witnesses testified that the point where the plaintiff stopped was the proper and customary stopping place used by drivers coming in that direction, as the road from that point ran at a down grade until so near the track that some horses could not safely be checked there. Plaintiff and his driver testified that they not only stopped at this point, and waited until two trains in opposite directions had passed, but then drove on and " slacked up " nearer the track " to see or hear whether there was anything coming." *Held*, that the case was for the jury.

| | |
|---|---|
| 156 | 175 |
| 158 | 86 |
| 158 | 236 |
| 156 | 175 |
| 171 | 525 |
| 156 | 175 |
| 176 | 261 |
| 156 | 175 |
| 179 | 194 |
| 180 | 250 |
| 180 | 506 |
| 156 | 175 |
| 196 | 216 |
| 156 | 175 |
| 203 | 534 |
| 19 SC | 1295 |
| 156 | 175 |
| 211 | 1622 |

Argued March 23, 1893.   Appeal, No. 226, Jan. T., 1893, by plaintiff, Hiram Whitman, from judgment of C. P. No. 2, Phila. Co., March T., 1891, No. 705, entering nonsuit in favor of defendant.   Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for personal injuries received at a public grade crossing of a railroad.

At the trial, before PENNYPACKER, J., it appeared that plaintiff, a man fifty-three years of age, was driving at about one o'clock in the morning of January 13, 1889, in a one-horse wagon with Isaac A. Hollingsworth on the Lancaster turnpike. They approached a crossing of defendant company, composed of three tracks at Atglen borough, in the county of Chester.

Hollingsworth was driving. At a point about one hundred feet from the track they stopped, looked and listened. From this point there was a view of the track for about thirty-five yards to the eastward. Further view was then cut off, not only by a curve in the track, but by a hotel. Five witnesses testified that this was the customary and proper place to stop, as the road from that point ran down grade until so near the track that some horses could not safely be checked there. Both plaintiff and Hollingsworth testified that they stopped at this point, and waited until two trains in opposite directions had passed, they then drove on and " slacked up " nearer the track " to see or hear whether there was anything coming." The court entered a compulsory nonsuit on the ground that, as plaintiff could see such a short distance from the place where he stopped, it was not a proper place to stop ; and in such case it was his duty to use greater care, such as getting out and looking or leading his horse.

*Error assigned* was refusal to take off nonsuit.

*A. S. L. Shields*, for appellant.—Whether the plaintiff stopped at the best place is a question of fact and should have been submitted to the jury : Ellis v. Lake Shore & Michigan South. R. R. Co., 138 Pa. 506 ; Lake Shore & M. S. Ry. Co. v. Frantz, 127 Pa. 297 ; McNeal v. R. R., 131 Pa. 184.

*David W. Sellers*, for appellee, cited : R. R. v. Feller, 84 Pa. 229 ; R. R. v. Carr, 99 Pa. 510.

OPINION BY MR. JUSTICE MITCHELL, July 19, 1893 :

The learned judge nonsuited the plaintiff for violation of the rule which requires a traveler about to cross a railroad track, to stop, look and listen, because he held that the evidence showed that where plaintiff stopped, the trains could neither be seen nor heard. The rule has been enforced and reiterated in so many cases, from R. R. Co. v. Beale, 73 Pa. 504, down, that it needs no further discussion. As was said in McNeal v. R. R. Co., 131 Pa. 184, experience has confirmed the wisdom of its adoption, and it will not be relaxed nor pared down by exceptions. But it is a rule which in its nature is applicable only to clear cases, to those which practically only admit of one view.

We are unable to agree with the learned judge that this is such a case. It is true that the place where plaintiff stopped was a hundred feet away from the track, and afforded a very short view, about thirty-five yards to the eastward, and that further view was then cut off, not only by a curve in the track, but by a hotel. But notwithstanding these disadvantages, five witnesses besides the plaintiff, one of them a liveryman, testify that this was the proper and customary stopping place, used by drivers coming in that direction. The witness Ervin explains why this place is preferred, because there is a break or level place in the road which then runs at a down grade until so near the track that some horses cannot safely be checked there. Plaintiff and the driver testified that they not only stopped at this point, and waited until two trains in opposite directions had passed, but then drove on and "slacked up" nearer the track "to see or hear whether there was anything coming." In the face of this testimony we do not think the court could safely say, as matter of law, that the place where plaintiff stopped was not one which reasonable prudence would sanction for the purpose.

None of the cases go to this extent. In R. R. Co. v. Beale, 73 Pa. 504, the decedent did not stop at all, and in R. R. Co. v. Feller, 84 Pa. 226, the case principally relied on by appellee, though it was held as matter of law that the place of stopping was an improper one, yet it was because it appeared in the uncontradicted evidence that there was a proper place which the deceased drove past without stopping. "Between the ironworks and the watch house," says C. J. AGNEW, "is a considerable space through which he could see up the railroad about six hundred and fifty feet. Feller drove his team past this opening without stopping and came to a stand right before the watch house." The case that approaches most closely the present, is Ellis v. R. R. Co., 138 Pa. 506. There the plaintiff stopped twice, but the second time at a place where his view was somewhat obstructed by piles of lumber. Defendant asked the judge to charge that under such circumstances it was plaintiff's duty to get out of his wagon and go on the track to look, and that anything short of so doing was negligence in law. The judge refused and this court affirmed him, PAXSON, C. J., saying, "the question whether a traveler in a

given case has stopped at the best place is necessarily a question of fact, not of law. If I am right in this it must, as a general rule, be passed upon by a jury." The word " necessarily," as is shown by the last sentence, was used with reference to the case in hand. If the facts are undisputed and the inference from them clear, it will be the duty of the court to declare the law, as was done in R. R. Co. v. Feller, but in general the question is for the jury. So it is in this case. If notwithstanding the drawbacks of the place where plaintiff stopped, it still had sufficient advantages over other places, to make it the habitual choice of travelers on that road, only a jury can say whether or not it was the best or a proper place to stop, and even if it was, whether considering its disadvantages it was not negligence in the plaintiff not to stop a second time on the level before reaching the track.

Judgment reversed and venire de novo awarded.