## Smith *v.* Baltimore & Ohio R. R., Appellant.

*Negligence—Contributory negligence—Question for jury.*

In an action to recover damages for personal injuries, where the evidence as to defendant's negligence and plaintiff's contributory negligence is conflicting, and is of such a character that inferences of fact must be drawn therefrom, the case is for the jury.

" Stop, look and listen "—Stopping at proper place.

Where the injuries complained of were received by plaintiff while he was driving over a grade crossing, it is proper to charge that if the jury find from the evidence that plaintiff stopped at a proper place or places, and properly exercised his senses of sight and hearing, and neither saw nor heard an approaching train, he would not be guilty of contributory negligence.

Argued Oct. 11, 1893.    Appeal, No. 223, Oct. T., 1893, by defendant, from judgment of C. P. Somerset Co., Dec. T., 1890, No. 122, on verdict for plaintiff, Christian Smith.    Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for personal injuries.

At the trial, before DOTY, P. J., of the 10th judicial district, specially presiding, it appeared that on March 2, 1889, plaintiff was injured at a grade crossing near Ursina.    He was traveling in a buggy owned and driven by Liston, who had invited plaintiff to ride home with him.    Evidence for plaintiff tended to show that the crossing was a dangerous one, and that the view of the tracks was obstructed by cars; that as they approached the crossing they drove slowly and exercised proper care and caution; that they stopped and talked with a Mr. Miller fifty or seventy-five yards from the crossing, that they then looked and listened, and that when they got to the track of the railroad they again stopped and looked and listened; that no warning was given by ringing bell or blowing whistle, and as they advanced on the track they were struck by the train and seriously injured and disabled.

Evidence on behalf of defendant tended to show that a whistle was sounded at the proper place, and that the bell was rung as the train approached the crossing.    There was also evidence that the tracks could not be seen from the points at which plaintiff stopped.

Plaintiff's point among others was as follows :

" 2. If the plaintiff, at a point about seventy-five yards from the crossing, where the railroad in both directions is visible, stopped the team, looked and listened, and could neither see nor hear an approaching train, and then when very near the track again stopped, looked and listened, and from that point could see the track for a considerable distance to the west, and

could see the track along the station, and could have heard the sound of a whistle had it been given at the whistling post, and did not see nor hear the train coming, and if the plaintiff used such care and prudence as an ordinarily careful, prudent and honest man would have done under the circumstances, then the plaintiff was not guilty of contributory negligence, and if the company was guilty of negligence the plaintiff is entitled to recover. *Answer:* If you find from the evidence that the plaintiff stopped at a proper place or places and properly exercised his senses of sight and hearing, he would not be guilty of contributory negligence, and if you further find that the defendant company was guilty of negligence, the plaintiff would be entitled to recover." [4]

Defendant's points were among others as follows:

"5. That as the evidence in this case shows there was a space of seven feet between the siding and the track, and at the side of the box car next the main track there was a clear view of the road for over five hundred feet, that was the point at which the plaintiff should have stopped, looked and listened, and his failure so to do was contributory negligence and will prevent a recovery by him in this action. *Answer:* Under the evidence in this case we cannot affirm this proposition. We cannot say as a matter of law that the plaintiff is chargeable with contributory negligence, but submit it to you to determine under all the evidence whether the plaintiff stopped at a proper place, and to say whether he was guilty of contributory negligence. If he did not stop at a proper place, he would be guilty of contributory negligence, and that would prevent him from recovering." [5]

"6. If the jury believe the evidence of Dr. Fichtner, the plaintiff's witness, that Smith said that ' he told Jerry that he couldn't cross there and Jerry did not stop and went on,' and that ' he knew they couldn't cross there without being hit,' that he told John S. Lyons that 'he told Jerry not to try it,' that he told David Stremmel ' if Liston would have listened to me this all would not have happened, that he wanted him to stop and wait until the train goes, and Liston said he can make it and went on and drove right along and didn't stop,' then this establishes contributory negligence on the part of the plaintiff, Smith, and there can be no recovery. *Answer:* We cannot say that if you

find the evidence of Dr. Fichtner and the others mentioned in the point to be as stated in this point that this establishes contributory negligence on part of plaintiff Smith and there can be no recovery.   These declarations go to the credibility of the plaintiff, Smith.   We do say, however, if you find from these declarations that the plaintiff knew that the train was approaching, and that he attempted to cross over in front of the train, then the plaintiff would be guilty of contributory negligence, and the evidence is proper for your consideration and to be considered with the other evidence in the case in determining the exact facts in the case as to stopping and looking and listening and as to knowledge of the approach of the train." [6]

" 7. That as the evidence of the plaintiff shows that he had knowledge of the crossing, that it was dangerous, that they drove up from Miller's and slacked up the team and only halted a short time at a point where they could not see the track east, and drove at once on the track, when they were immediately struck, this was not such a stopping, looking and listening as the law required of them, and the plaintiff cannot recover in this case.   Answer: As we have said in answer to defendant's fifth proposition, we deem it our duty to submit to you the question whether the plaintiff stopped and looked and listened at a proper place.   We cannot affirm the point as a matter of law." [7]

" 8. That the plaintiff's own testimony discloses such contributory negligence on his part as will prevent a recovery in this case.   Refused." [8]

" 9. Request for binding instructions.   Refused." [9]
Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* were (1–3) instructions recited in opinion of Supreme Court; (4–9) answers to points; quoting instructions respectively.

*W. H. Koontz*, for appellant, cited: Urias v. Penna. R. R. Co., 152 Pa. 326; Newhard v. Penna. R. R., 153 Pa. 417; Myers v. B. & O. R. R., 150 Pa. 386; Beale v. Penna. R. R., 73 Pa. 509.

*W. H. Ruppel*, *A. H. Coffroth* with him, for appellee, cited: Penna. R. R. v. Barnett, 59 Pa. 264; Ry. v. McElwee, 67 Pa

315; Ry. v. Weber, 76 Pa. 168; McNeal v. Ry. Co., 131 Pa. 188; Quigley v. D. & H. Canal Co., 142 Pa. 395; Ehrisman v. East Harrisburg City Pass. Ry., 150 Pa. 187; McGill v. P. & W. Ry., 152 Pa. 333; Ellis v. Ry., 138 Pa. 521; Whitman • v. Penna. R. R., 156 Pa. 175.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 30, 1893:

As clearly appears from the testimony, this case involved the questions of defendant company's negligence and plaintiff's contributory negligence.  As to the former, it was alleged and testimony was introduced tending to prove (1) that the train, by which plaintiff was injured, was running at a reckless and dangerously high rate of speed; (2) that the public crossing was thus approached and passed over without any signal or warning to plaintiff and others who had occasion to use the same; and (3) that the company carelessly and negligently placed box cars, lumber, etc., on and near the side track opposite the crossing, and thereby obstructed the view which otherwise might have been had of the approaching train.

As to the alleged contributory negligence, it was contended that if plaintiff did stop, look and listen before attempting to cross defendant's track, as he testified, he did not do so at the proper place.   The testimony bearing on each of said questions was more or less conflicting, and it was also of such a character that inferences of fact had to be drawn therefrom.   On both questions of negligence and contributory negligence the case was clearly for the jury, and the learned trial judge could not have withdrawn it from them without invading their province and assuming the self-imposed task of drawing inferences of fact from the testimony, and determining disputed questions of fact.   To have done so would have been manifest error: Railroad Co. v. Barnett, 59 Pa. 264; McNeal v. Railway Co., 131 Pa. 184; Ellis v. Railroad Co., 138 Pa. 506; McGill v. Railway Co., 152 Pa. 331; Whitman v. Penna. R. Co., 156 Pa. 175.   The case was therefore properly submitted to the jury; and it was given to them in a clear and comprehensive charge that appears to be free from any error of which the defendant has any just reason to complain.

In affirming plaintiff's first point, the jury were correctly instructed that if they found "the crossing where the accident

occurred was unusually dangerous, and the view of the railroad track was obstructed by the box cars, lumber, etc., which had been placed there by the defendant company, then it was the duty of the employees of the company to use greater care and caution in running the train over the crossing; and if the persons in control of the train did not use such care and prudence as were commensurate with the danger, either by failure to give proper signals at a proper time and place, or in passing over the crossing at improper speed, and if the plaintiff was free from negligence, the verdict should be in favor of the plaintiff." The question of defendant's negligence was thus fairly presented to the jury; and this instruction is not assigned as error.

In portions of the charge, recited in the first three specifications, the jury were instructed, as to the question of contributory negligence, substantially thus: "Another fact arises for the jury to determine, whether or not the plaintiff before attempting to cross the track actually stopped and looked and listened at the right place for observing the condition of said track. It is for you to determine from all the evidence whether he exercised proper care and caution,—whether he stopped at a proper place, where he could properly observe the tracks of the railroad to the east and west of the crossing." Again, in answering plaintiff's point recited in the fourth specification as to testimony showing compliance with the "stop, look and listen" rule, the jury were instructed that if they found from the evidence that plaintiff stopped at a proper place or places, and properly exercised his senses of sight and hearing, he would not be guilty of contributory negligence, and if they further found that the defendant company was guilty of negligence, plaintiff would be entitled to recover.

There is certainly nothing in either of these first four specifications of which defendant company should complain. The instructions therein recited are quite as favorable as it was entitled to. "Negligence is always a question for the jury where there are any doubts as to the facts, or as to the inferences to be drawn from them:" Penna. R. Co. v. Barnett, 59 Pa. 264; McGill v. Railway Co., 152 Pa. 333; Whitman v. Penna. R. Co., 156 Pa. 175.

It also follows from what has been said that there was no

error in refusing to affirm defendant's point recited in the fifth specification.

There appears to be no error in the remaining specifications, sixth to ninth inclusive. The answers to points recited in the two former are quite sufficient. Defendant was not entitled to anything more favorable.

In the circumstances, binding instructions to find for defendant on either of the grounds stated in the eighth and ninth specifications, respectively, would have been error. As already observed, the case was clearly for the jury on both questions.

Judgment affirmed.