# John C. Davidson, Appellant, *v.* The Lake Shore & Michigan Southern Railway Company, Lessee of The Jamestown & Franklin Railroad Company.

*Negligence—Railroads—Stop, look and listen—Evidence—Question for jury.*

In actions to recover damages for death or injuries at grade crossings, where the facts are simple, and the evidence by which they are presented is involved in no uncertainty, their legal value is for the court to determine; but where the evidence is conflicting, or the facts are left in doubt, the conclusions are to be drawn by the jury.

In an action to recover damages for personal injuries suffered by the collision of a wagon and a train at a grade crossing, the case is for the jury where the evidence tends to show that at the place of the accident defendant's railroad was paralleled by another railroad about one hundred and twenty-five feet to the south; that plaintiff stopped about two rods from the crossing of defendant's road and " looked and listened;" that he heard a train approaching from the east, and waited until he saw that it was on the other railroad, when he drove on defendant's track and was struck by a train coming from the west; that this train gave no notice of its approach by whistle or bell; that it could have been seen for about six hundred feet if attention had been given to it at the proper moment, and that this distance would have been covered by a train moving at the rate of fifteen miles per hour in about thirty seconds; that the day was rainy, and that it was drizzling at the time of the accident.

It was for the jury to say in view of all the circumstances whether the plaintiff did in fact stop, look and listen; and whether, when the nearness of the tracks of the two roads, the approach of the train from the east, the character of the day, and the absence of signals by the train coming from the west are considered, the plaintiff exercised the measure of care which the law required of him. Per WILLIAMS, J.

Argued Oct. 8, 1895. Appeal, No. 57, Oct. T., 1895, by plaintiff, from judgment of C. P. Venango Co., entering nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Trespass for personal injuries. Before TAYLOR, P. J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was entry of nonsuit.

*J. H. Osmer, A. R. Osmer* and *N. F. Osmer* with him, for appellant.—The only ground upon which the court below could have properly ordered a compulsory nonsuit in this case was not that negligence on the part of the defendant was not proved, but that the evidence on the part of the plaintiff convicted him of contributory negligence. This is wholly unwarranted. The plaintiff stopped, so far as the evidence discloses, at a proper place. Had the whistle been sounded, or the bell rung, at a proper distance from the crossing, the injury would not have occurred : Whitman v. Penna. R. R., 156 Pa. 175 ; Smith v. Bal. & Ohio R. R., 158 Pa. 82; Ely v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry., 158 Pa. 233 ; Link v. Phila. & Reading R. R., 165 Pa. 75 ; Howett v. Phila., Wilmington & Balt. R. R., 166 Pa. 607.

*B. H. Osborne, John O. McCalmont* with him, for appellee.— Plaintiff was guilty of contributory negligence : Myers v. R. R., 150 Pa. 386 ; Gangawer v. R. R., 168 Pa. 265; Sheehan v. R. R., 166 Pa. 354.

In this case there are no disputed facts. The evidence of defendant's negligence was at most only negative, while the contributory negligence of plaintiff was so clearly established that further discussion seems to be unnecessary.

OPINION BY Mr. JUSTICE WILLLIAMS, October 24, 1895 :

This appeal is from a judgment entered upon a compulsory nonsuit. The question raised by it is whether the existence of contributory negligence on the part of the plaintiff is, upon the evidence that was before the court, a question of law upon which it was proper for the court to pass, or a question of fact to be submitted to the jury ?

It may be stated as a general proposition that where the facts are simple and the evidence by which they are presented is involved in no uncertainty their legal value is for the court to determine ; but where the evidence is conflicting or the facts are left in doubt the conclusions are to be drawn by the jury. Illustrations of both branches of this proposition are abundant in our own cases. In Mulherrin v. The D. L. & W. Railroad Co., 81 Pa. 366, the plaintiff was struck by an engine while he was walking upon the railroad track. This fact was not denied.

We held as a matter of law that he was guilty of contributory negligence and could not recover against the railroad company. In Moore v. The Phila., W. & Balt. Railroad Company, 108 Pa. 349, the plaintiff passing along the highway came to a railroad crossing. He saw a train coming upon one of the tracks. Instead of waiting in a place of safety he advanced to the space between two tracks, and while standing there was struck by an engine moving in an opposite direction to the train he was watching. We held that it was negligence per se for the plaintiff to put himself unnecessarily in a place of danger between the tracks, and that negligence on the part of the company, in the failure to give notice of the approach of the engine, was not enough to justify a recovery. The plaintiff's contributory negligence was plain, and stood in the way of his recovery. The same state of facts was presented in Marland v. Railroad Company, 123 Pa. 487, the Railroad Co. v. Mooney, 126 Pa. 244, and in Connerton v. The D. & H. Canal Co., 169 Pa. 339. In all these cases the injured person was struck by a train on the instant of stepping on the track, and at a crossing where the train could have been seen for a considerable distance, if the injured person had looked to see if it was approaching. We held in these cases that the presumption that the injured person did stop, look and listen was rebutted by the facts; and that as no one possessed of the senses of sight and hearing could have looked or listened without both seeing and hearing the approaching train, which was in plain view and almost on him, there was a legal presumption that he did not stop, look and listen, but negligently stepped in front of the train which he might have seen and heard if he had tried. A similar state of facts was encountered in Myers v. The B. & O. Railroad Co., 150 Pa. 386. The injured person drove in front of a freight train moving at the rate of eight miles an hour, backward, but with the headlight on the rear car by which he was struck. The train was in full view for a third of a mile. It was in the night. The headlight must have been within eighty feet of him at the point where he should have looked, and had he looked it was impossible not to see it. He drove on the track and was instantly struck. He testified that he stopped, looked and listened as he approached the crossing and neither saw nor heard the train. This was plainly

impossible in view of all the circumstances. *Res ipsa loquitur.*
The facts spoke a language that could not be misunderstood or
disregarded. We said he was guilty of contributory negligence
as matter of law and could not recover. In all these cases and
in others that might be cited the facts were undisputed. But
there is another large class of cases in which the facts were dis-
puted or involved in doubt, and in these we have uniformly
held that the question of contributory negligence was for the
jury. In McNeal v. The Pittsburg & Western Railroad Com-
pany, 131 Pa. 184, there was doubt as to the proper point at
which the plaintiff should have stopped, looked and listened,
and we held that whether he exercised the proper degree of
care was a question of fact for the jury. The same question
was raised upon substantially the same facts in Ellis v. Lake
Shore Railroad Co., 138 Pa. 506, and in Whitman v. Penna.
Railroad, 156 Pa. 175, and the same rule was held. To the same
effect is Smith v. The Balt. & Ohio Railroad, 158 Pa. 82, and
Link v. The Phila. & Reading Railroad, 165 Pa. 75. In all
these cases the parties injured drove directly in front of a mov-
ing train and were injured. If that single circumstance was
enough to dispose of the question regardless of the surround-
ing circumstances, the plaintiff in each of these cases would
have been denied access to the jury. But it is not enough.
There must be no doubt or uncertainty about the facts attend-
ing the accident in order to justify the courts in treating the
question of contributory negligence as one of law. In McNeal
v. The Pittsburg & Western Railroad, supra, both branches
of the general proposition stated above were recognized, and
we said that the rule that the plaintiff cannot recover, if, in spite
of what his senses must teach him, if he uses them, he steps in
front of a moving train, is a rule that will not be relaxed or
pared down by exceptions ; but that it is applicable only to
clear cases, and where the question is not clear upon the evi-
dence it is for the jury.

We come now to inquire to which class of cases the one
under consideration belongs. The evidence shows that there
are two parallel lines of railroad on the same side of the Alle-
gheny river with the public road along which the plaintiff was
driving. These are the N. Y., P. & O., which is nearest the
river, and the defendant's road which is about one hundred and

twenty-five feet north of the other. Going towards Oil City the public road is north of both the railroads until the crossing where the accident occurred is reached. As the crossing is approached the public road changes its direction and approaches and crosses the defendant's road obliquely. From this point it continues on towards the crossing of the N. Y., P. & O. railroad, which is several rods away. The plaintiff and his daughter, who was with him in the wagon, testify that at about two rods from the crossing he stopped, looked and listened. They heard a train approaching from the direction of Oil City which presently came in sight, but neither saw nor heard any train approaching from the opposite direction. They watched the train as it came near them until they saw that it was on the more southerly of the railroads, and when it passed drove on the crossing of the defendant's road and were struck by a train coming from the opposite direction. The evidence as it stood showed that the defendant's train gave no notice of its approach to the crossing by whistle or bell. The train could have been seen for about six hundred to six hundred and fifty feet, if attention had been on it at the proper moment, and this distance would have been covered by a train moving at the rate of fifteen miles per hour in about thirty seconds. The day was rainy and in the language of several of the witnesses "it was drizzling" at this time. Upon these facts the court below held that the legal presumption and the positive testimony of the plaintiff and his daughter, to the effect that the plaintiff did stop at a proper place, look both ways, and listen for an approaching train, was rebutted, and that the mere fact that the plaintiff drove in front of a moving train established his contributory negligence, as matter of law, and deprived him of the right to recover for the injury sustained. This was a mistake. The case belongs to that class of cases of which McNeal v. The Railroad Company, supra, is an example, and the question of defendant's contributory negligence was for the jury. The testimony of the plaintiff and his daughter may be true, and the approach of the train from the east may have arrested their attention after they had looked both ways along the defendant's road so that the approach of the train from the west without whistle or bell was unnoticed. The inferences to be drawn from the facts are for the jury. It is for them to say in view

of all the circumstances whether the plaintiff did in fact stop, look and listen; and whether, when the nearness of the tracks of the two roads, the approach of the train from the east, the character of the day, and the absence of signals by the train coming from the west are considered, the plaintiff exercised the measure of care which the law requires of him.

The judgment appealed from is reversed and a venire facias de novo is awarded.