# Barbara M. Laib *v.* The Pennsylvania Railroad Company, Appellant.

| | |
|---|---|
| 180 | 50̄3 |
| e202 | ³508 |

| | |
|---|---|
| 180 | 503 |
| 206 | ¹164 |

| | |
|---|---|
| 180 | 503 |
| 24 SC | ¹476 |

| | |
|---|---|
| 180 | 50̄3 |
| f 28 SC | 8 |

*Negligence—Railroads—Crossing—" Stop, look and listen "—Province of court and jury—Evidence—Presumption.*

To bar a recovery in a case in which a person is injured or killed while crossing a railroad, it must be clear and undisputed that if such person had complied with the rule to stop, look and listen, he must have seen or heard the approaching train. If the evidence raises a doubt on these points it must be submitted to the jury.

In an action against a railroad company to recover damages for the death of plaintiff's husband at a grade crossing, it appeared that at the crossing in question there were four tracks, and that at the highway over the tracks there was a great amount of travel. There were no gates at the crossing and no electric bell. The deceased approached the crossing about sunset in September when rain was descending in torrents, and it was as dark as night. Three disinterested witnesses testified that the deceased stopped with his horses' heads a few feet from the first track; that he then started across, and he was struck on the fourth track by a train which was going at the rate of fifty miles per hour. They further testified that no bell was rung or whistle blown, and that no train was visible because of the rain and darkness, and that there was no watchman at the crossing at the time of or immediately before the accident. The testimony for the plaintiff was contradicted in almost every material particular by the defendant's witnesses. *Held,* that the case was for the jury. If the greater the speed of a train the greater is the degree of care required by the traveler in the performance of his duty to stop, look and listen, the greater also is the degree of care required by the railroad company in giving warning when approaching a road crossing at grade.

The presumption that the trainmen performed their duty when a train approached a crossing may be rebutted by the testimony of a single witness for the plaintiff that no whistle was sounded or bell rung.

Argued Jan. 8, 1897. Appeal, No. 301, Jan. T., 1896, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. Term, 1894, No. 469, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before GORDON, J.

At the trial it appeared that on September 10, 1894, Louis Laib, the plaintiff's husband, was killed while driving in a closed

wagon over the grade crossing of defendant's railroad at Holmesburg junction in the city of Philadelphia.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Defendant's points and answers thereto were as follows:

1. The law presumes that the defendant's engineer and fireman did their duty and gave a signal of the approach of the train to the crossing in question, and this presumption is corroborated by the positive testimony of the engineer, the absence of affirmative testimony from the fireman being sufficiently accounted for by the proof of his death. *Answer:* Gentlemen of the jury, there are three clauses in that proposition, and some of them I affirm and some of them I don't. I shall have to separate them. It is true, gentlemen of the jury, that the absence of the fireman is adequately accounted for by his death, because it is said that he is dead and not denied, and therefore the fact that he was not called is accounted for by the proof of his death. It is true that there is a general presumption that the managers of this train, the engineer and fireman, did their duty. There is a general presumption, as there is a general presumption as to all persons doing their duty where a duty is devolved upon them by law, but that question afterward recurs when testimony is introduced upon a subject, either pro or con, whether that presumption of law is corroborated by the testimony or is refuted by it. The question of whether the testimony of the engineer corroborates the presumption of law as it is here put is for you. It corroborates if the testimony is believed. It does not corroborate it if you disbelieve it, either because it is unworthy of belief itself or because you believe there is other testimony which discredits it. It is for you to say whether the testimony of the engineman corroborates the presumption of law. [1]

2. The presumption of law and confirmation of the same by testimony, mentioned in the first point above, is not sufficiently contradicted by negative testimony that the bell was not heard, and the jury should not permit such negative testimony to outweigh the presumption of law and affirmative testimony stated above. *Answer:* The weight of the testimony of negation in this case I leave entirely for you. I have said to you already that ordinarily affirmative testimony as to a proposition is much

better than merely negative testimony. " I heard the bell rung, and therefore it was rung," is direct. " I didn't hear it " may not prove that the bell was not rung, and may prove no more than that the witness did not hear it; but whether the testimony in this case is sufficient to discredit the positive testimony is for you, because it involves the credibility of the witnesses. [2]

3. It is shown by affirmative testimony of the flagman and other witnesses that the defendant's flagman was at the crossing at the time of the accident and gave the decedent (Laib) timely warning of the approach of the train. There is no sufficient contradiction of this affirmative testimony which would justify the court in sustaining a verdict against the defendant, and upon this ground the verdict should be for the defendant. *Answer :* I refuse to affirm that proposition as it is stated. I refuse to say that there is not sufficient testimony to contradict the testimony of the flagman. If you believe the testimony of the flagman, that there was timely warning, of course there can be no recovery for the plaintiff. Whether you so believe the testimony of the flagman is for you entirely. [3]

4. Under all the evidence the verdict must be for the defendant. *Answer :* I refuse that point. [4]

Verdict and judgment for plaintiff for $10,000. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*Geo. Tucker Bispham,* for appellant.—The defendant was entitled to binding instructions in its favor: Kelly v. Penna. R. Co., 19 W. N. C. 400 ; Holden v. Penna. R. Co., 169 Pa. 1 ; Carroll v. Penna. R. Co., 12 W. N. C. 348 ; Penna. R. Co., v. Mooney, 126 Pa. 244 ; Blight v. R. R., 143 Pa. 10 ; Myers v. B. & O. R. R., 150 Pa. 386 ; Gangawer v. P. & R. R. R., 168 Pa. 265 ; Lees v. P. & R. R. R., 154 Pa. 46 ; Seamans v. D., L. & W. R. R., 174 Pa. 421 ; Sullivan v. N. Y., L. E. & W. R. R., 174 Pa. 361 ; Penna. R. Co. v. Beale, 73 Pa. 504 ; Beyon v. P. R. R., 168 Pa. 642.

This legal presumption of innocence is to be regarded by the jury in every case as matter of evidence to the benefit of which the party is entitled : Greenleaf on Evidence, sec. 34.

Negative testimony, alone should not be allowed to outweigh positive affirmative testimony, and a presumption of law to the same effect as such affirmative testimony.

*P. F. Rothermel, Jr.*, for appellee.—The case was for the jury: McNeal v. Ry., 131 Pa. 184; Ely v. Ry., 158 Pa. 236; Davidson v. L. S. & M. S. Ry., 171 Pa. 522; Philpott v. Penna. R. Co., 175 Pa. 570.

OPINION BY MR. JUSTICE McCOLLUM, April 12, 1897:

We cannot assent to the claim that in this case the court should have directed a verdict for the defendant. The cases cited and relied on to support it were determined upon the evidence in them. They were cases in which a compulsory nonsuit was entered, or a verdict directed for the defendant on the ground that the plaintiff's evidence disclosed contributory negligence. The negligence which precluded a recovery was the failure of the person injured or killed to stop, look and listen before attempting to cross the railroad. The fact that he was struck by the train the moment he stepped or drove upon the track was deemed conclusive against the presumption or claim that he complied with the settled rule which required him to do so. But the principle on which they were decided does not bar a recovery in every case in which a person is injured or killed while crossing a railroad. It must be clear and undisputed that he did not comply with the rule, or that if he did so he must have seen or heard the approaching train. If the evidence raises a doubt on these points it must be submitted to the jury. In McNeal v. Railway Co., 131 Pa. 184, it was held that while Carroll v. Railroad Co., 12 W. N. 348, and the decisions which followed it are sound in principle, the rule enforced by them is applicable only in a clear case. Ellis v. Lake Shore, etc., Railroad Co., 138 Pa. 506, Whitman v. Penna. Railroad, 156 Pa. 175, Smith v. The Balt. & Ohio Railroad, 158 Pa. 82, and Link v. P. & R. Railroad, 165 Pa. 75, are to the same effect. Our Brother WILLIAMS, referring to these cases in his opinion in Davidson v. Railway Co., 171 Pa. 522, said: "In all these cases the parties injured drove directly in front of a moving train and were injured. If that single circumstance was enough to. dispose of the .question regardless of the sur-

rounding circumstances, the plaintiff in each of these cases would have been denied access to the jury. But it is not enough. There must be no doubt or uncertainty about the facts attending the accident in order to justify the courts in treating the question of contributory negligence as one of law."

The foregoing views harmonize with the views expressed by our Brother MITCHELL in McNeal v. Railway Co., supra, and in Ely v. Railway, 158 Pa. 233, and are in accordance with many decisions of this court prior and subsequent to the decisions in the cases cited. Among the recent decisions on this point we note Haverstick v. Penna. R. Co., 171 Pa. 101; Gray v. Penna. R. Co., 172 Pa. 383; Philpott v. Railroad Co., 175 Pa. 570, and Roberts v. D. & H. Canal Co., 177 Pa. 183. In the cases in which the rule contended for by the appellant was enforced it was clear that the only inference from the uncontested facts was that the person injured or killed did not stop, look and listen, or if he did he must have seen or heard the train which struck him the moment he walked or drove upon the track. If it is clear that this is the only inference which can be drawn from the evidence in the case before us the defendant's fourth point should have been affirmed. There were four tracks at the crossing on which Laib was killed. These tracks crossed a public highway on which there was a great amount of travel. Hundreds, if not thousands, of people passed over it daily. There were no gates at the crossing and there was no electric bell there to give notice of approaching trains. Near sunset on September 10, 1894, Laib approached the crossing from the north side of the railroad. " A short time before he arrived a severe storm arose; it became almost as dark as night and the rain descended in torrents." Three disinterested witnesses testified that he stopped with his horses' heads a few feet from the first track, then started across and was struck by a train on the fourth track, which train was moving at the rate of about fifty miles an hour. They also testified that no bell was rung or whistle blown, and as he started across the tracks they looked in the direction from which the train came and that it was not visible then because of the rain and darkness. They testified further that there was no watchman at the crossing at the time of or immediately before the accident. This testimony was contradicted by the defendant's witnesses. The

engineer testified that the train was running at the rate of from thirty-eight to forty miles an hour, although he had previously testified before the coroner that it was running at the rate of about fifty miles an hour. He also testified that the bell was rung and that there was a headlight on the engine. The watchman testified that he was at the crossing when Laib approached it and that he waved his lamp and called to him to "look out for the fast train;" he also testified that he saw the headlight and heard the bell ring. Their testimony was supported to some extent by the testimony of other witnesses for the defendant. It was conceded by the engineer and the defendant that the whistle was not blown. It is obvious from the undisputed testimony that the conditions created by the storm were not favorable to a view of the tracks for any considerable distance from the crossing and that they naturally impaired the ability to hear the signals which ordinarily give notice of an approaching train. If these conditions required of Laib a higher degree of care in the performance of his duty to stop, look and listen, they also required the defendant to exercise care commensurate with the danger to render the crossing reasonably safe under the circumstances. In Childs v. The Penna. R. Co., 150 Pa. 73, we held that "the greater the speed the greater the degree of care required in giving warning when approaching a road crossing at grade." In that case as in this the defendant's witnesses testified that the bell was rung, and it was admitted by the defendant that the whistle was not blown. The question whether the ringing of the bell furnished adequate notice of the approach of the train and, if not, whether the failure to blow the whistle was negligence on the part of the defendant, were submitted to the jury. In this case the speed of the train and the conditions referred to, independent of the conflicting testimony in relation to the ringing of the bell, fairly raised the questions submitted to the jury in Child's case.

We discover nothing in the defendant's first and second points which furnishes ground for reversing the judgment. The questions whether the presumption that the engineer and fireman did their duty in giving the signal of the approach of the train to the crossing was strengthened by the testimony of the engineer as to the ringing of the bell, and whether the testimony that the bell was not rung outweighed the presumption and the

testimony that it was rung were clearly for the jury upon the evidence in the case applicable to them. In this connection we may add that it was held in Haverstick v. The Railroad, supra, that the presumption that the trainmen performed their duty when a train approached a grade crossing might be rebutted by the testimony of a single witness for the plaintiff that no whistle was sounded or bell rung.

Upon full consideration of all the evidence in the case we conclude that the questions of the alleged negligence of the defendant and the alleged contributory negligence of the plaintiff's decedent were for the jury and were submitted to them under proper instructions.

Judgment affirmed.