Erney, Appellant, *v.* Philadelphia Rapid Transit Co.

Argued January 22, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

62

*Michael J. Geraghty,* for appellant.—Plaintiff was not guilty of contributory negligence: Brown v. White, 206 Pa. 106; Steck v. Allegheny, 213 Pa. 573; Evans v. Phila., 205 Pa. 193; Shafer v. Lacok, etc., Co., 168 Pa. 497; Clifton v. Williams, 69 Pa. Superior Ct. 163; Rusterholtz v. R. R., 191 Pa. 390; Thorn v. P. R. T. Co., 237 Pa. 20.

*George H. Detweiler,* with him *John J. K. Caskie,* for appellee, cited: Wolf v. P. R. T. Co., 252 Pa. 448; Carson v. Ry., 147 Pa. 219; Waldmann v. Constr. Co., 233 S. W. 242.

OPINION BY MR. JUSTICE FRAZER, March 18, 1929:

In refusing plaintiff's motion to take off a compulsory nonsuit, the court below took the correct view that, regardless of the question of negligence, plaintiff was barred from recovery on account of his contributory negligence in disregarding an obviously potential danger. Plaintiff, a physician, attempted to cross on foot a wide street in the City of Philadelphia on which employees of defendant company were depositing iron rails for use in reconstructing its tracks. Considerable excavation had been made between and along the tracks, and about one-half of the street, for approximately a block north and south, had been rendered impassable, for sev-

eral weeks, by these operations, for vehicular traffic and practicably so for pedestrians although at times persons ventured to walk across at that point. The accident occurred on a clear day, about noon. Plaintiff alighted from his automobile, which he was aware could not be driven across the excavated street, and proceeded to walk to the opposite side. He passed over several rails lying lengthwise on the ground, and reached the last one, at the end of which, farthest distant from him, workmen were moving and raising it by means of tongs. The opposite end rested on the street. At the moment plaintiff stepped upon the rail at this latter end, the tongs slipped from the grasp of one or more of the workmen, causing their end of the rail to fall to the ground, with the consequent rising and twisting of the opposite end, making it strike and scrape plaintiff's left heel, causing severe injury. At the conclusion of plaintiff's testimony and that of his witnesses, defendant, without presenting evidence, moved for a nonsuit, which was granted, and this appeal is taken from the refusal of the court to reverse its action.

The testimony of plaintiff alone is sufficient to support the conclusion of the learned judge that appellant was plainly guilty of contributory negligence. Plaintiff resided near by on the same street on which the accident occurred; he was familiar with the operations of defendant's employees from the start and was fully aware of the thoroughfare's condition. His testimony shows that from the moment he started to walk to the opposite side of the street, on the day of the accident, he saw the men at work moving rails and relaying tracks. The rail in question was sixty feet in length and very heavy. He saw workmen at the end distant from him lifting it with tongs. He made no investigation of conditions, but continued on, and at the instant his foot was placed upon the rail, the tongs slipped from the hands of those engaged in its removal, causing their end to fall to the ground, which resulted in elevating and twisting the

end which struck plaintiff's foot. It is obvious from these facts, established by the testimony, that plaintiff deliberately or heedlessly assumed a position of danger, of which he had previous and present knowledge.

. The testimony however produced further proof of his contributory negligence. As stated, the rail was sixty feet in length; at the opposite end, workmen were engaged in raising it from the ground, while the end of the rail over which plaintiff attempted to pass was but a foot or two distant from him. He was consequently near to that end, and, as the learned court below points out, "by stepping either a foot or a yard to the south he could have passed around the rail in entire safety. Instead, he chose to step over it at a time when he saw men at the other end of it apparently working on it." There was nothing in the way to prevent this short detour. Thus the way of safety was before his eyes. He had his choice, either to step upon the rail or over it and risk injury, or consume a few seconds of time in passing around the end and avoiding all danger. The assumption of due care to avoid a threatened injury is without weight when actual conditions, as disclosed, clearly establish that plaintiff had, as in the case before us, actual knowledge of the obvious danger, and, rather than seek to avoid it, exposed himself to the injurious results of a risk there was no necessity to assume and which existing conditions plainly showed was hazardous.

The court below found there was no evidence in the case upon which to base a finding of negligence on the part of defendant. The legal value of the facts is for the court to determine, where these facts are simple and the evidence by which they are presented is involved in no uncertainty: Davidson v. Lake Shore & Mich. Southern Ry. Co., 171 Pa. 522, 523.

The order refusing to take off the nonsuit is affirmed.