## C. W. Breunniger, Appellant, *v.* The Pennsylvania Railroad Company.

*Railroads—Negligence—Contributory negligence—Question for jury.*

Where the existence of contributory negligence depends upon inferences to be drawn from the evidence, the question must go to the jury for decision. Where, although highly improbable, an accident may have happened in the manner described by the plaintiff, and where if the jury believed the plaintiff's testimony, there was ample ground for the verdict, the question of negligence and contributory negligence is for the jury, the circumstances as related not being such as themselves demonstrate inherent impossibility of the exercise of due care.

Argued Nov. 15, 1898. Appeal, No. 201, Oct. T., 1897, by plaintiff, from order of C. P. Lancaster Co., April T., 1896, No. 4, discharging rule to show cause why nonsuit should not be stricken off. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Trespass. Before BRUBAKER, J.

The facts sufficiently appear from the opinion of the court below and in the opinion of the Superior Court. The opinion of the court below is as follows:

We were moved to enter the nonsuit in this case from the testimony elicited from Henry Mowery, the driver of the injured team in question. It is substantially as follows:

The Harrisburg express on the Pennsylvania railroad, eastward bound, on January 15, 1896, at 8:18 A. M., as it had reached the crossing at or near the station at Bird-in-Hand on its regular schedule time, struck the team of the plaintiff, consisting of a pair of mules, attached to a covered platform wagon loaded

462 BREUNNIGER *v.* PENNA. R. CO.

Opinion of Court below—Assignment of Errors. [9 Pa. Superior Ct.

with bread, which the driver was delivering to the customers of his employer that morning. The train was running on the south track, which was the first track that the driver reached at the crossing. The witness says that he first stopped, looked and listened at a point about fifty feet south of this track, that he had to lean forward to look out from the wagon, and looked out both up and down the track from that point. The only obstruction to his view west, in the direction from which the train was approaching, was the railroad bridge. He leaned forward and looked till he got to the railroad, and that the last observation he made was just as he got to the track, just about as his team had stepped on the track. The plaintiff's witnesses show that the distance from the crossing to the railroad bridge west, to which place the driver of the team says he had a full view all along the track from his first stop on the highway, was 418 feet. From the point of the accident on the track a man could be seen up the track in the same direction for a distance of 493 feet. There was no evidence as to the rate of speed of the train at the place of the accident. The regular stopping place for the train was at the Bird-in-Hand station, the distance of which from the place of the accident is not precisely given. One of the witnesses says it was about 450 feet. But from this fact alone the speed of the train could only be surmised. The fact of the driver having admitted that he had looked in the direction of the approaching train all the way from the point at which he stopped, till the team was just stepping on the track, although he says at the same time he did not see the train approaching, clearly establishes the fact of his contributory negligence. If he had looked, as he says, just as he was going on the track, he must have observed the train coming, and in time to have kept his team off the track. There is no evidence that the team was balky or in any manner uncontrollable.

We do not see how, in view of the facts and circumstances proven on the trial, this case could have been left to a jury. And, therefore, we refuse to strike off the nonsuit.

The court below entered judgment of nonsuit, which upon motion, it refused to strike off. Plaintiff appealed.

*Error assigned* among others was in not striking off judgment of nonsuit.

*W. U. Hensel*, of *Brown & Hensel*, for appellant.—The questions involved in this case were those of fact and wholly for the jury. We specially rely upon the recent and leading cases of Davidson v. Railroad Company, 179 Pa. 227, and Laib v. Penna. Railroad Co., 180 Pa. 503.

The court should not invade the province of the jury and take upon itself the determination of the facts about which there is any dispute: Lenkner v. Traction Co., 179 Pa. 486; Clayton v. Traction Co., 3 Pa. Superior Ct. 107.

The time, place and other attendant circumstances under which plaintiff stops, etc., are exclusively for the jury: Bare v. Railroad Co., 135 Pa. 95; Philpott v. Railroad Co., 175 Pa. 570; Gray v. Railroad Co., 172 Pa. 383.

When alleged facts are the subject of inference from other facts and circumstances shown by the evidence, it is the exclusive province of the jury to consider the testimony and ascertain the facts, under proper instructions from the court: Longenecker v. Railroad Co., 105 Pa. 328.

The case, therefore, is a proper one for the application of the well-settled principle that, when the measure of duty is ordinary and reasonable care, and when the degree of case varies according to the circumstances, the question of negligence is always for the jury: D., L. & W. R. R. Co. v. Jones, 128 Pa. 308, Gates v. Penna. R. R. Co., 154 Pa. 566; Safe Deposit Co. v. Railroad Co., 6 Pa. Superior Ct. 204.

*H. M. North*, for appellee.—Under the conditions of this case as disclosed by the evidence the plaintiff was clearly guilty of contributory negligence: Ritzman v. Railroad Co., 187 Pa. 337.

Not looking for a coming train is not merely an imperfect performance of duty, it is an entire failure of performance—an entire absence of vigilance, not merely evidence of negligence, but negligence itself: Gray v. Railroad, 172 Pa. 383; Myers v. Railroad Co., 150 Pa. 386; Gangawer v. Railroad Co., 168 Pa. 265.

In Carroll v. Railroad, 12 W. N. C. 348, Carroll testified that before attempting to cross the track, he stopped, looked and listened, but saw and heard no intimation of an approaching train. He got on the track, was struck, and lost a leg. The engine which struck him did not whistle or ring a bell. The

approaching train was where he could have seen it if he had looked. He was nonsuited, and it was held that his injury was attributable to his own gross negligence.

OPINION BY WILLIAM W. PORTER, J., February 17, 1899:

In order to sustain the nonsuit entered in this case, we must hold that it was inherently impossible for the accident to have happened as detailed by the plaintiff's witness.

The driver stopped with his team of mules fifty feet from the four tracks of the defendant company. He there looked and listened. The point at which he stopped was a proper point. He waited until a freight train passed going west on the third track. He then drove forward at a walk, looking east and west until his mules were about stepping on track No. 1. They crossed track No. 1 and had their feet upon track No. 2, when the driver was warned by a person on the sidewalk of a train approaching from the west. He attempted to back his mules. He got them off the second track and upon the first track. There they were struck.

There was no evidence of the speed of the train. It came into view at a point about 418 feet west of the crossing. The driver says he looked in that direction just before his mules stepped upon track No. 1, and saw no train. It may have been that the train came into view after he had gotten upon the first track. If this were so, the driver, when warned by the stranger, may have been unable to back the mules in the time it took the train to reach the crossing, after coming into view. In other words, it is possible that the train may not have been in view of the driver when he attempted to make the crossing, and yet that he may have been struck just as he has described. If this be a possibility it was the duty of the court to submit the case to the jury, even though the witness's story may be improbable. To quote the language of Mr. Justice FELL, in Callahan v. Traction Co., 184 Pa. 425: "That the accident happened in the manner in which the plaintiff described it is highly improbable, but it is possible, and if the jury believed the plaintiff's testimony, there was ample ground for the verdict." Where the existence of contributory negligence depends upon inferences to be drawn from the evidence, the question must go to the jury for decision: Davidson v. R. R. Co., 179

Pa. 227 ; Davidson v. Traction Co., 4 Pa. Superior Ct. 86 ; Safe Deposit Co. v. Ry. Co., 6 Pa. Superior Ct. 204.

If it be said that the driver was negligent in attempting to back the mules, he replies that he did not know on which track the train was coming. As a matter of law, the acts of one in imminent peril are not measured by the same standard of discretion as that applied to those of one who has time and opportunity for reflection. This is not the case of a man driving upon a railroad track and being instantly struck. There the circumstances themselves demonstrate the inherent impossibility of the exercise of due care.

As this case must go to a jury, we refrain from further discussion of its merits.

Judgment is reversed, and a venire facias de novo is awarded.