Rose Muscarro *v.* The New York Central and Hudson
   River Railroad Company, Lessee of the Dunkirk,
   Allegheny Valley and Pittsburg Railroad Company,
   Appellant.

*Railroads—Contributory negligence—Rule of Carroll v. Railroad Co.* ·
   The rule laid down in Carroll v. Railroad Co., 12 W. N. 348, that a
plaintiff cannot recover if, in spite of what his senses must teach him if he
uses them, he steps in front of a moving train, is sound on principle and
will not be relaxed or pared down by exceptions, but it is a rule which, in
its nature, is applicable only to clear cases.

*Negligence—Contributory negligence—Answer to points for charge—Stop,
look and listen.*
   In an action to recover damages for a death caused by the negligence of
a railroad company, where plaintiff's testimony does not disclose such a
clear case as justifies the court in taking it from the jury under Carroll v.
Railroad Co., the defendant is entitled to an absolute affirmance of points
which declare contributory negligence if plaintiff did not look and listen,
or if he saw the train and went upon the track. A refusal to affirm the
points if the jury should find that deceased's attention was attracted by a
train on another road so that he did not see the train which struck him in-
troduces an element of uncertainty which goes far toward abrogating a
wise and well established rule.

   Argued May 1, 1899. Appeal, No. 330, Jan. T., 1898, by
defendant, from judgment of C. P. Warren Co., Dec. T., 1897,
No. 52, on verdict for plaintiff. Before STERRETT, C. J., GREEN,
MITCHELL, DEAN and FELL, JJ. Reversed.

   Trespass for damages for death of Angelo Muscarro, plain-
tiff's husband.

   Shortly before the north bound passenger train on defendant's
road in the borough of Warren was due to cross Public Way, a
street in said borough, Angelo Muscarro started from his house
and went eastward to Public Way and thence along Public Way
to near the place where the railroad track crosses Public Way, at
which point he walked upon the crossing and was struck by the
train of plaintiff company and was instantly killed.

   Other facts appear by the opinion of the Supreme Court.

   Plaintiff's sixth point and the answer thereto were as follows:

Under the evidence in this case the question whether the defendant was negligent in running the train which killed Muscarro in approaching and at said grade crossing, and whether Muscarro was guilty of any contributory negligence are all questions of fact to be submitted to and determined by the jury. *Answer :* Affirmed. [1]

Defendant's points and the answers thereto among others were as follows :

1. Under all the law and the facts of this case, the plaintiff cannot recover and the verdict must be for the defendant. *Answer :* We answer this in the negative. [2]

2. It was the duty of Angelo Muscarro when approaching the railroad crossing to stop, look and listen, and if he saw or heard an approaching train it was his duty to wait for it to pass before attempting to cross, and if the evidence shows that he did undertake to cross before the train, unless compelled by imperious necessity, he would be guilty of negligence, and the plaintiff cannot recover. *Answer :* Affirmed, unless you find from the evidence that his attention was drawn to the train on the Philadelphia & Erie Railroad, and that he did not see the approaching train on the track of the defendant's road.] [3]

3. If the jury finds from the evidence that Angelo Muscarro was struck by the moving train of defendant company which was plainly visible from the point he occupied when it became his duty to stop, look and listen, he must be conclusively presumed to have disregarded that rule of law, and of common prudence, and to have gone negligently into an obvious danger, and the plaintiff cannot recover. *Answer :* This is affirmed, unless you find from the evidence that his attention was drawn or attracted to the train on the Philadelphia & Erie Railroad track approaching in the same direction, and that he did not see the approaching train on the defendant's road. [4]

4. If the jury find from the evidence that Angelo Muscarro, when approaching the track of defendant company, did stop, look and listen at a point where he was seen by the fireman on the locomotive, and then moved forward upon the track of the defendant company, where he was struck by the moving train, which was carrying a headlight in full blaze upon the locomotive, which was plainly visible to him at the time, he was guilty of contributory negligence, and the plaintiff cannot recover.

*Answer:* Affirmed unless you find from the evidence that his attention was drawn or attracted to the approaching train on the Philadelphia & Erie Railroad, which was approaching in the same direction, and that he did not see the approaching train on defendant's track. [5]

7. If the jury find from the evidence that Angelo Muscarro had for a number of years resided close to the track of defendant company and near the crossing where he was killed, and had full knowledge of the location of the company's track and the crossing and of the time when the train was due at said crossing, it was his duty to wait until the expected train had passed before he attempted to cross the track of the defendant company in the night-time, and unless compelled to cross by an imperious necessity he would be guilty of contributory negligence in attempting to cross before the train had passed, and the plaintiff cannot recover. *Answer:* As this point embraces some facts not in the testimony, so far as we remember, we answer it in the negative. [6]

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Errors assigned* were (1–6) above instructions, quoting them.

*Orren C. Allen,* with him *William Harrison Allen* and *Samuel G. Allen,* for appellant.—Under all the evidence in the case, we think it a legal presumption that Angelo Muscarro was struck by a moving train which was plainly visible from the point which he occupied at or near the north rail of defendant's track, and it must be presumed that he disregarded the rule of common prudence, and went negligently into danger which he could clearly have seen, and, believing that he could make the crossing before the train could reach him, he walked in front of the moving locomotive, which carried the headlight in full blaze: Mulherrin v. Railroad Co., 81 Pa. 366; Moore v. Railroad Co., 108 Pa. 349; Penna. R. Co. v. Mooney, 126 Pa. 244; Bacon v. Railroad Co., 143 Pa. 14.

We think the learned court below must have overlooked the distinguishing features between the case at bar and that line of cases in which the Supreme Court has held the rule as in Davidson v. Railway Co. and others; and therefore refused to affirm

the first, second, third and fourth points offered by defendant, except conditionally, which defendant thinks was error.

*W. W. Wilbur*, of *Wilbur & Schnur*, for appellee.—This question has recently received the careful consideration of this Court in the case of Davidson v. Ry. Co., 171 Pa. 522, and again in the same case in 179 Pa. 227.

OPINION BY MR. JUSTICE FELL, May 23, 1899:

The two witnesses who saw the accident which caused the death of the plaintiff's husband gave widely different accounts of the occurrence. One of them testified that the deceased, when within two feet of the track, stopped and looked both ways, and then went on and was struck by the engine when about the middle of the track. The other witness testified that when the engine was 150 feet from the crossing he saw the deceased approaching the track, and that he went on without stopping or looking, and stepped in front of the engine. There was a curve in the track a short distance from the crossing, and an embankment at its side. The rate of speed at which the plaintiff's witnesses testified it was running would have brought the engine to the crossing within a few seconds of the time when it was first visible to a person standing within two feet of the track. This testimony furnished ground for an inference that the engine might have come into view after the deceased had looked, and during the seconds when in the dark, without notice by bell or whistle of the approach of the train, he was picking his way across the track. The case presented by the plaintiff's testimony was not one in which it could be said by the court that the presumption that the deceased stopped, looked and listened was effectually rebutted by the facts established, or that having seen or heard he went on heedless of an obvious danger. The case was necessarily for the jury, and no exception was taken to the general charge, which was clear and adequate.

The assignments relate to the answers to the points for charge. It appeared that at the place of the accident the tracks of the Philadelphia & Erie Railroad are nearly parallel to those of the defendant's road, and about eighty feet distant from them, and that a train on that road was passing at the time. The

defendant's third point is: "If the jury finds from the evidence that Angelo Muscarro was struck by the moving train of the defendant company which was plainly visible from the point he occupied, when it became his duty to stop, look and listen, he must be conclusively presumed to have disregarded that rule of law and of common prudence, and to have gone negligently into an obvious danger, and the plaintiff cannot recover." The fourth point is: "If the jury find from the evidence that Angelo Muscarro, when approaching the track of defendant company, did stop, look and listen at a point where he was seen by the fireman on the locomotive, and then moved forward on the track of the defendant company, where he was struck by the moving train which was carrying a headlight in full blaze upon the locomotive, which was plainly visible to him at the time, he was guilty of contributory negligence, and the plaintiff cannot recover." The answer to the third point is: "This is affirmed, unless you find from the evidence that his attention was drawn or attracted to the train on the Philadelphia and Erie Railroad track approaching in the same direction, and that he did not see the approaching train upon the defendant's track." The answer to the fourth point is substantially the same.

The legal propositions presented by these points were fairly raised by the testimony, and they should have been affirmed without qualification. Davidson v. R. R. Co., 171 Pa. 522, and 179 Pa. 227, relied on by the appellee, does not sustain these answers. In that case it was said, in affirmance of the principles of the decisions in McNeal v. Ry. Co., 131 Pa. 184, Ellis v. R. R. Co., 138 Pa. 506, and other cases cited in the opinion, that the mere fact that the plaintiff drove on a railroad track in front of a moving train did not establish his contributory negligence, and that the facts must be clear of doubt or uncertainty to justify the court in treating the question of contributory negligence as one of law. It had before been said by our Brother MITCHELL, in McNeal v. Ry. Co., supra, that while the rule laid down in Carroll v. R. R. Co., 12 W. N. 348, and the decisions which have followed it, that a plaintiff cannot recover if, in spite of what his senses must teach him if he uses them, he steps in front of a moving train, is sound on principle and will not be relaxed or pared down by exceptions, it is a rule which in its nature is applicable only to clear cases.

In Davidson v. Ry. Co., supra, the plaintiff stopped, looked and listened when near the track of the defendant's road. His attention was arrested by the noise of an approaching train, and he waited an instant before driving on to learn whether the train he heard was on the road he was about to cross or on another road 125 feet distant. In the second report of the case, 179 Pa. 227, where the facts are more fully stated, and in the opinion are said not to differ materially from the facts as they appeared at the first trial, it appears that the plaintiff, after waiting to learn on which road the approaching train was, looked again before driving on the track. He had stopped at the proper place, and hearing a train had paused long enough to see that it was not on the road he was about to cross. The noise of that train prevented his hearing the train which struck his wagon, and the latter was not visible when he stopped and looked. The point of the decision is that it was for the jury and not for the court to say whether in view of all these circumstances the plaintiff was negligent.

In the case before us the noise of the train on the Philadelphia & Erie Railroad may have prevented the deceased from hearing the train which was approaching the crossing on the defendant's road. Whether he received warning by the sense of hearing was a fact to be determined by the jury, and the fact that there were two trains was one of the circumstances to be considered. But there was nothing to interfere with or confuse his vision. If he did not look, or if he saw the train and went on, he was negligent. The points leave no ground for the assumption that the trains may have come into view after he looked. The case presented by them is that the train was plainly visible from the point the deceased occupied when it became his duty to stop, look and listen. Seeing a train on the other road did not excuse him from looking for one on the road he was about to cross. It was this road that he was bound to watch. If he did not look because his attention was attracted by the other train, he was nevertheless negligent.

The qualifications to the answers to the third and fourth points introduce an element of uncertainty which would go far toward abrogating a wise and well established rule. The hypothetical case presented by the second point is that the deceased saw or heard an approaching train. He may have heard a train

approaching on the defendant's road and have mistaken the noise made by it for the noise of the train on the other road. As before stated, the circumstances that two trains were so near the crossing may have confused and misled him. Whether on this ground he was negligent was for the jury, and it would not have been error to have refused the point.

The fourth and fifth assignments of error are sustained, and the judgment is reversed with a venire facias de novo.