# Forno v. Pennsylvania Railroad Co., Appellant.

*Negligence—Railroads—"Stop, look and listen"—Contributory negligence.*

In an action against a railroad company to recover damages for personal injuries sustained by the plaintiff while crossing defendant's tracks, a verdict and judgment for plaintiff will be sustained where the evidence shows that the plaintiff on a dark night approached the railroad at a point where there were three tracks with an engine on the far track making a noise; that he stopped, looked and listened before going on the first track; that his wife preceded him safely over this track; that the plaintiff carrying a child was struck as soon as he stepped upon it by the tender of an engine which was moving backward without light or signal; that at the point in question there was a permissive crossing; and that about three hundred and forty feet away was a public crossing as to the availability of which the evidence was conflicting.

Argued Oct. 24, 1911. Appeals, Nos. 72 and 73, Oct. T., 1911, by defendants from judgments of C. P. Washington Co., Feb. T., 1910, Nos. 131 and 132, on verdicts for plaintiffs in case of Mary Forno, a minor, by Charles Forno her next friend and Charles Forno, father of

Mary Forno, in his own right v. Pennsylvania Railroad Company.  Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before MCILVAINE, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for Charles Forno for $5,000, and for Mary Forno for $4,000.  Defendant appealed.

*Errors assigned* were (1) portions of the charge referred to in the opinion of the Supreme Court and (2) in refusing binding instructions for defendant.

*R. W. Irwin,* with him *Jas. A. Wiley,* for appellant.— The mere fact that people have been permitted to walk across the company's tracks or even walk along the tracks, without a protest from the company, is not sufficient to establish a permissive crossing: Phila. & Reading R. R. Co. v. Troutman, 11 W. N. C. 453; Taylor v. Del. & Hudson Canal Co., 113 Pa. 162; Shackleford v. R. R. Co., 84 Ky. 43; Le Duc v. R. R. Co., 87 N. Y. Supp. 364; Young v. R. R. Co., 156 Mass. 178 (30 N. E. Repr. 560); Wright v. R. R. Co., 142 Mass. 296 (7 N. E. Repr. 866); Phila. & Reading R. R. Co. v. Hummell, 44 Pa. 375; Galena & Chicago Union R. R. Co. v. Jacobs, 20 Ill. 478; St. Louis S. W. Ry. Co. v. Shiflet, 83 S. W. Repr. 677; Bailey v. R. R. Co., 220 Pa. 516.

*Carl E. Gibson,* with him *Chas. G. McIlvain* and *W. K. Vance,* for appellee, cited as to the permissive crossing, Com. v. Burford, 225 Pa. 93; Wissler v. Hershey, 23 Pa. 333; Gunson v. Healey, 100 Pa. 42.

Cited as to defendant's negligence: Eply v. R. R. Co., 3 Pa. Super. Ct. 509; Taylor v. Canal Co., 113 Pa. 162; Phila. & Trenton R. R. Co. v. Hagan, 47 Pa. 244; Philadelphia B. & W. R. R. Co. v. Layer, 112 Pa. 414; Reeves v. R. R. Co., 30 Pa. 454.

Cited as to contributory negligence: Fisher v. Ry. Co., 131 Pa. 292; Kuntz v. R. R. Co., 206 Pa. 162; Doud v. R. R. Co., 203 Pa. 227; Beach v. Penna. R. R. Co., 212 Pa. 567; Ely v. Pittsburgh, etc. Ry. Co. 158 Pa. 223; Bond v. R. R. Co., 218 Pa. 34; Woodruff v. R. R. Co., 231 Pa. 640.

OPINION BY MR. JUSTICE POTTER, February 5, 1912:

In this action, Charles Forno sought to recover damages for personal injuries sustained by him through the alleged negligence of the defendant company. The plaintiff at the same time, as father and next friend, brought another action in behalf of his infant daughter, Mary Forno, against this defendant, to recover damages for personal injuries sustained by her through the same alleged negligence. The cases were tried together, and appeals from the judgments have been argued together, and are to be disposed of in this opinion.

It appears from the evidence, that the defendant railroad company has at Shire Oaks, Washington County, two main tracks and a siding running along the western side of the Monongahela River. At the point in question there is a strip of ground, some sixty or seventy feet in width, between the railroad tracks and the river, upon which in July, 1909, was erected a dwelling house owned by the defendant and occupied by one Dominic Censore. On the opposite side of the railroad and running parallel with it, is a public highway. From this road at a point about 340 feet north of the Censore house, another public road extends eastwardly at right angles, crossing the railroad tracks and running to the river bank. There was considerable evidence tending to show that a safe pathway extended along the eastern side of the tracks from the house to the public crossing. There was also evidence upon the part of the plaintiff tending to show that this means of access to the public crossing was not available.

On the evening of July 17, 1909, the plaintiff, Charles

Forno, with his wife and two children, was at the Censore house. At about half past nine o'clock they left for their home which was on the opposite side of the railroad. The night was dark and plaintiff carried a pit lamp which was lighted. The party started to walk directly across the railroad tracks. The husband and wife both testify that before stepping upon the first track they stopped and looked and listened, but neither saw nor heard an approaching train or locomotive. There was a coal train standing upon the third track, and its engine was making a noise. The wife was in advance and the husband with a child in his arms followed, and as he stepped upon the track he was immediately struck by the tender of a passing locomotive which was at the time running backwards at a speed of about six miles an hour. The engine was brought to a stop very quickly, within a distance of about forty feet, and the plaintiff was found between the rails, and under the engine. He lost an arm as a result of the accident, and was otherwise injured, and the child was so injured that it was necessary to amputate the right foot and the left leg at the thigh.

The specific act of negligence with which the defendant company was charged, was in running the engine and tender backward at the time and place in question, without giving an alarm or signal, and without having a light on the end of the tender. At the trial requests for binding instructions in favor of the defendant were refused, and the cases were submitted to the jury, who found a verdict in favor of the plaintiff in each case. The defendant has appealed and in the first assignment of error its counsel complain of a portion of the charge which in effect, it is urged, permitted the jury to say whether or not the plaintiff was justified in crossing the tracks directly in front of the house, even though they found from the evidence that there was a plain, safe path leading along the tracks from the house to the public crossing. We have considered with great care

the portion of the charge assigned for error, but we are unable to see that the inference suggested by counsel for appellant is fairly to be drawn from the language of the court. It is apparent that the learned trial judge had a proper understanding of the law, and that he submitted his conceptions to the jury with care and exactness. The respective contentions of both parties as to the facts, were impartially presented. The jury were told that as a general rule, one hurt on a railroad track, other than at a public crossing, cannot recover damages for injuries sustained from a train properly operated in the ordinary way. That an exception to this rule arises where persons are led to cross the tracks through a necessity brought about by the railroad, or where they do so with its express or implied permission. In the language of the court below the law upon this point was thus summed up: "The general rule, as we have told you, is that the railroad company has the right to the exclusive use of its tracks, but the case is altered when by permission of the company persons cross its track at a given point not a public crossing. In such cases the comfort and safety of those permitted to cross the track of the railroad are involved, and those employes of the railroad who operate its trains must exercise care under the circumstances as they exist in such a case." This was followed by stating in substance the claim of plaintiff that the renting of the house by the defendant company gave rise to a right in the tenant to cross the tracks at that point as a way of necessity; but this statement of plaintff's claim was balanced by the immediate presentation of defendant's reply to that contention, in which it said in substance that there was no such necessity in this case because a convenient and safe pathway existed leading along the side of the railroad from the house to the public crossing, which plaintiff might easily have taken. In like manner the attention of the jury was directed to the evidence of the crossing of the tracks at the point in question, and they

were told that they must find whether such use of the crossing had continued long enough to fairly justify an inference that it was permitted by the railroad. The court said in this connection: "It will be for you to say, taking all the evidence that has been produced here on both sides, whether or not in front of this house there was a permissive crossing, either a permissive crossing by reason of the necessity that was put upon the tenants of that house by the railroad company itself when they rented it, or by their use for the length of time they had been in there, to such an extent as to notify the railroad company that they were using that crossing there, so that it could be fairly inferred that they consented to their using it, or whether there was a path led up to it, and away from it." Further on the jury were instructed that if they did not find from the evidence that the railroad had granted a permissive crossing, the plaintiff would be a trespasser at that point, and if he was a trespasser, the railroad company owed him no duty. Doubtless it would have been better if in connection with the reference to defendant's contention that a safe path extended along the railroad from the house to the crossing, the jury had been told directly and positively that if they found from the evidence there was such a path, the failure of plaintiff to use it, and the taking merely for his own convenience of a shorter way across the tracks, was contributory negligence which in itself would prevent a recovery. But the affirmance of the fifth point for charge presented by counsel for appellant did give squarely just such an instruction, and under the circumstances, and considering the whole scope and contents of the charge, we do not feel that the court below can fairly be charged with reversible error in the manner in which it presented to the jury the matter which is made the subject of the first assignment of error.

After full consideration of the evidence bearing upon the contributory negligence of the plaintiff, we have concluded that this question was, under the peculiar cir-

cumstances of the case, properly left to the determination of the jury. According to plaintiff's own testimony, a single step from the side of the track placed him directly in front of the tender of the locomotive which ran over him. Under ordinary circumstances it is vain for a man to say that he looked or listened who walks directly in front of a moving locomotive. An injury so received is due to his own gross carelessness: Penna. Railroad v. Bell, 122 Pa. 58. If this accident had occurred just as it did, in daylight, the court must have, as a matter of law, pronounced the plaintiff guilty of contributory negligence. But the evidence showed that the night was dark, and that an engine standing nearby was blowing off steam and making a noise. There was evidence upon the part of plaintiff which if believed by the jury, tended to show that the engine which struck plaintiff came along quietly, running backward without a light upon the tender to indicate its approach. This evidence brings the case within the lines of the decision in Davidson v. Railway Co., 171 Pa. 522, where the cases in which the existence of contributory negligence has been held to be a question of law, are distinguished from those in which it has been held to be a question of fact. The same case was before this court again in 179 Pa. 227, and it was there said: "We are not disposed to relax the rule that requires a traveler when approaching a railroad crossing to stop, look and listen; nor to depart from the long roll of cases in which we have held that one who goes in front of a moving train which he has ample opportunity to see, and hear, and avoid, must ordinarily be held guilty of contributory negligence as matter of law; but when the facts are not clear and simple, and where the existence of contributory negligence depends upon inferences to be drawn from the evidence, the question must go to the jury for decision." Another case illustrating the application of this principle, is Muscarro v. Railroad Co., 192 Pa. 8.

In the present case we find no substantial error in the

manner in which the rather complicated questions involved were submitted to the jury. The assignments of error are overruled, and the judgments at No. 72 October Term, 1911, and at No. 73 October Term, 1911, are affirmed.