# Kovarik v. Lehigh Valley Railroad Co., Appellant.

*Negligence — Railroads — Pedestrians — Permissive crossing — Warning—Court ·and jury—Instruction.*

1. In an action against a railroad company to recover damages for personal injuries the case is for the jury, where the evidence of the plaintiff goes to show that he was struck in the use of a permissive crossing by an engine of the defendant company moving quietly in the darkness, without signal, although the defendant introduces several witnesses who testify that plaintiff was injured while undertaking to jump on the end of the tender of the engine.

2. In such a case the defense is not in position to complain of a charge, where the trial judge carefully presents to the jury the questions involved and affirms without qualification eleven points for charge submitted by the defense, refusing only those praying for binding instructions, and further gives an opportunity for correction or enlargement of the instruction at the close of the charge by inquiring directly of counsel if there was anything else that they desired to have brought to the attention of the jury.

Argued March 17, 1913. Appeal, No. 334, Jan. T., 1912, by defendant, from judgment of C. P. Bradford

Co., Feb. T., 1909, No. 239, on verdict for plaintiff in case of John Kovarik v. Lehigh Valley Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CAMERON, P. J., specially presiding.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $3,000 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings and instructions of the court.

*J. Roy Lilley,* of *Lilley & Wilson,* and *Mial Lilley,* for appellant.

*Charles M. Culver,* with him *A. C. Fanning* and *David E. Kaufman,* for appellee.

OPINION BY MR. JUSTICE POTTER, May 5, 1913:

In this action the plaintiff sought to recover damages for personal injuries resulting from the alleged negligence of the defendant company. The specific act charged was the running of an engine and tender backwards at a dark hour of the night, without lights and without giving warning, over a permissive crossing, which was daily used by the public, and which the plaintiff had been in the habit of using night and morning while going to and from his work. At the place where the plaintiff alleges the accident occurred there were five or six tracks. One of them is elevated above the others, and runs for some distance on an embankment ending in a wall near which the plaintiff says the accident happened. From that point the elevated track continues upon a trestle to the coal pockets. On each side of this elevated track there were several other tracks on the surface of the ground. There was evidence upon

the part of the defendant tending to show that there was a well-defined path at this point extending over the tracks and under the first bent of the trestle, and that upwards of two hundred people used this path daily. At the date of the accident, the plaintiff had been for some time in the employ of the defendant company at the coal pockets, engaged in discharging coal from the cars into the pockets. On the night of January 27, 1907, he was thus employed. Near morning, between four and five o'clock, he says he was excused by the foreman on account of sickness, and left the place. He states that in going from his work at the pockets he got down on the ground upon the west side of the elevated track and proceeded in a southerly direction walking between two tracks until he reached the path at the permissive crossing, and then turned eastwardly to cross a railroad track, but before doing so he stopped, looked and listened, and says that he neither saw nor heard anything approaching, and then proceeded in the darkness to cross the track, and was struck by the tender of an engine running backward, and was carried some little distance down the track where his left foot was run over and cut off. Plaintiff testified that he lay by the track a considerable time when another engine passed along, but he was unable to attract the attention of the men in control. A second engine afterwards came by, and the men in charge of it heard plaintiff call, and picked him up and cared for him. The men in charge of the engine which picked plaintiff up testified that after putting coal on their engine, they started to the round house, when a cry was heard, and they stopped and discovered that a man had been run over, and his foot had been cut off. They do not say that they saw the plaintiff at any time before he was heard to cry out, nor do they say that their engine ran over plaintiff. The story of the accident as detailed by several witnesses for the defendant is diametrically opposed to that of the plaintiff. They say that they saw the accident;

that the plaintiff was standing near an engine at the coal pockets and when it started to back away he ran after it, passed it, went to the end of the tender, and undertook to climb on, but slipped and fell under the wheels. The testimony of the witnesses raised a square issue of fact as to the place where the accident happened, and as to the manner of its occurrence, which could only properly be determined by the jury. If the evidence of the plaintiff is to be credited, the use of a permissive crossing was involved, and the engine moving quietly in the darkness without signal, came upon him at that point. His testimony brings the case within the principle of the decision of Forno v. Penna. R. R., 234 Pa. 538, and the cases there cited.

The questions involved were carefully presented to the jury by the trial judge. He called attention to the fact that plaintiff, while corroborated to some extent as to his statements regarding other matters, stood alone in his account of the accident itself, and as to the precise place where it happened; while five or six witnesses who testified on the part of defendant contradicted his statement of the occurrence. The court further said to the jury: "If the accident occurred as the defendant's witnesses say it occurred, your verdict must be for the defendant, because if their story is true there is no negligence attributable to the defendant, and, without negligence which was the proximate cause of the injury, there can be no recovery. If you believe their story, your duty would end there. On the other hand, if you find, in considering all the evidence in the case, that the defendant is guilty of negligence in the manner alleged, and that the plaintiff was free from contributory negligence, it would then be your duty to consider the question of damages." Throughout the charge the contention of each side was impartially presented. The facts were certainly not free from doubt, nor were the inferences to be drawn from them clear. That being

the case, the court could not as a matter of law say that the plaintiff was guilty of contributory negligence.

The trial judge affirmed without qualification eleven points for charge submitted by counsel for the defendant. The only points which were refused were those which prayed for binding instructions. If counsel were not satisfied with the instructions as given, or if it seemed to them desirable that the attention of the jury should be more specifically or emphatically directed to particular phases of the evidence, they should have framed and submitted additional points expressive of their wish. Opportunity for correction or enlargement of the instructions was given by the court at the close of the charge, when he inquired directly of counsel if there was anything else that they desired to have brought to the attention of the jury. No further request was made, and therefore counsel are not now in a position to complain of the charge in this respect. In none of the assignments of error do we discover anything of substantial merit. The questions involved were essentially disputed questions of fact, which could only be determined by the jury. Of the manner in which these questions were submitted by the trial judge, we do not see that the appellant has any reasonable cause to complain.

The assignments of error are overruled, and the judgment is affirmed.