# Moore *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—"Stop, look and listen"—Grade crossing—Contributory negligence—Case for jury.*

1. There is no fixed rule requiring one who has once stopped in a place of safety before entering upon a railroad crossing, to again stop, look or listen when on the tracks or between them. Whether he should do so always depends upon the particular circumstances of the case and it is for the jury to say whether in what he did or what he failed to do he contributed by his own negligence to his injury.

2. In an action for damages for personal injuries sustained in a grade crossing accident, the case is for the jury and a verdict for the plaintiff will be sustained where it appears by the testimony of the plaintiff's witnesses that about eight o'clock in the evening, after it had become dark, the plaintiff, who had been walking on the pavement of a public street along which the defendant company operated two lines of track, one to accommodate its north, the other its south bound trains, reached a public crossing, which led over the tracks of the defendant company; that while approaching the crossing he saw a freight train moving south on the track farthest from him; that on reaching the crossing he stopped to await clearance by the freight train and before attempting to cross looked up and down the track nearest him, without seeing or hearing anything that indicated the approach of a train, and as he proceeded continued to listen; and that while crossing the second rail of the nearest track he was struck by an engine which had given no signal of its approach and was without headlight.

3. In such case, where the accident occurred after dark and the engine approached without headlight, it is not error for the court to refuse to give binding instructions for the defendant on the ground that from the undisputed evidence an approaching train could have been seen from the place plaintiff stood before attempting to cross, at a distance of 125 feet, and that when plaintiff said he looked and saw no train the only possible inference was that he did not so look.

Argued October 9, 1913.    Appeal, No. 231, Oct. T., 1913, by defendant, from judgment of C. P. Armstrong

Co., Sept. T., 1912, No. 206, on verdict for plaintiff, in case of Amos Moore v. Pennsylvania Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.    Affirmed.

Trespass for personal injuries.    Before PAINTER, P. J. The opinion of the Supreme Court states the case.

Verdict for plaintiff for $10,000.00 and judgment thereon.    Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment n. o. v.

*Orr Buffington,* with him *O. W. Gilpin,* for appellant.

*H. A. Heilman,* with him *C. E. Harrington,* for appellee, cited: Davidson v. Ry. Co., 179 Pa. 227; Forno v. R. R. Co., 234 Pa. 538; Ayers v. Ry. Co., 201 Pa. 124; Arnold v. Philadelphia & Reading R. R. Co., 161 Pa. 1; Com. v. Razmus, 210 Pa. 609; Reznor Mfg. Co. v. Bessemer & Lake Erie R. R. Co., 233 Pa. 369; Penna. R. R. Co. v. Coon, 111 Pa. 430; Seifred v. R. R. Co., 206 Pa. 399; Crane v. R. R. Co., 218 Pa. 560; Philadelphia & Reading R. R. Co. v. Long, 75 Pa. 257; Custer v. R. R. Co., 206 Pa. 529; Salathe v. R. R. Co., 28 Pa. Superior Ct. 1.

OPINION BY MR. JUSTICE STEWART, January 5, 1914:

The negligence of the defendant is no longer a question in the case. The verdict of the jury, under instructions as to the law, not complained of, has definitely settled that question adversely to the defendant. Did the undisputed evidence disclose contributory negligence on the part of the plaintiff so clearly that it became the duty of the court to so pronounce as a matter of law? This is the first question raised on the appeal. We are not here concerned with any conflict between the testimony offered on behalf of the plaintiff and that adduced by the defendant, if any there be;

questions so arising are exclusively for the determination of the jury. If the evidence on part of the plaintiff showed a case clear of contributory negligence, the burden of disproof was then cast upon the defendant, and the case would then be for the jury. Confining our attention to the evidence offered by the plaintiff, and assuming its acceptance by the jury, it shows the accident to have happened in this wise. The defendant company operates two lines of track over one of the public streets in the Borough of Kittanning, one to accommodate its north, the other its south bound trains. At about 8 o'clock on the evening of 27th April, after it had become dark, plaintiff, who had been walking along the pavement on this same public street, reached a public crossing which leads over the tracks of the defendant company. While approaching the crossing he saw a freight train moving south on the track farthest from him. Intending to use this crossing he stopped when he reached it to await clearance by the freight train. He stood at this point several minutes until the last car of the freight train entered upon the crossing and then started to go across. Before attempting the crossing he looked up and down the track nearest him—the north bound track—without seeing or hearing anything that indicated the approach of a train, and as he proceeded he continued to listen. He was struck by the engine of a train moving north on the nearest track, which had given no signal of its approach, and was without headlight, just as he passed the second rail. While the plaintiff testified that he continued to listen after he entered upon the crossing, he does not say that he continued to look. In disposing of the assignment of error relating to this branch of the case we must assume that the accident occurred under conditions and circumstances above recited. The contention on part of defendant is that the case as presented called for binding instructions for the defendant, first, because from the undisputed evidence an approaching train could have been

seen from the place plaintiff stood before attempting to cross at a distance of 125 feet, and that when he says he looked and saw no train, the only possible inference is that he did not so look; and second, because it does not appear that he continued to look before entering upon the track. The first contention rests upon the assumption of a fact about which there is a dispute. It may be that an approaching train could be seen at a distance of 125 feet from the place where plaintiff stood at the crossing, in broad daylight, but the point attempted to be made ignores the conditions and circumstances surrounding the plaintiff at the time. It was at night time, dark, and the engine that approached was without headlight. Such is the testimony of plaintiff's witnesses. Under conditions such as these the rule invoked by plaintiff can have no application. As to the second contention, it is only necessary to say that there is no fixed rule requiring one who has once stopped in a place of safety before entering upon a crossing, to again stop, look and listen when on the tracks or between them. Whether he should do so always depends upon the particular circumstances of the case, and it is for the jury to say whether in what he did or what he failed to do, he contributed by his own negligence to his injury. In Ayers v. Railway Company, 201 Pa. 124, we said:

"While it is an unbending rule that the traveler must stop, look and listen before crossing at grade the rails of a railroad, it has not been held, that as an invariable rule, he must stop, look and listen when on the tracks or between them; it may be that ordinary care, under exceptional circumstances, would dictate that he should stop on the first track to look for an approaching train on the other, or that he should stop on the space between the two sets of tracks, but no such rule applicable to all cases has ever been announced nor could it with sound reason be adopted, because both on the tracks and between them are places of peril in greater or less degree.

We have adopted the rule that a traveler at a crossing having once stopped in a place of safety before going upon the road, and there looking and listening and neither seeing nor hearing danger has then undertaken to cross, yet nevertheless that he has once exercised care does not relieve him from the duty of exercising care while in the act of crossing. But what exactly he should then do to absolve himself from negligence must depend upon the circumstances of the particular case. It is per se negligence to not stop, look and listen before going on the tracks; it is not per se negligence not to stop, look and listen after getting on." The case of Davidson v. Railway Company, 179 Pa. 227, is closely analagous to this on its facts, and there the same doctrine was applied. It is unnecessary to add to these authorities.

The other assignment relates to the charge of the court. Misrecital of the testimony is complained of. We have carefully examined the parts of the charge to which our attention has been directed in this connection. The variations pointed out are without significance; in no single instance do they occur with respect to a material fact in the case, so far as we can see. Even though it be otherwise, every opportunity was afforded the defense to call for correction before the case was submitted, and having failed so to do, it is now too late to complain of error in this regard.

The assignments of error are overruled and the judgment is affirmed.