# Hufnagle *v.* Wilkes-Barre Railway Company, Appellant.

*Practice, C. P.—Trials—Interested witness—Cause of injury— Charge — Sufficiency — Failure to request further instructions — Court and jury—Assignments of error—Incomplete quotation—Insufficient assignments—Practice, Supreme Court.*

1. One who has no personal interest in the pending suit, is not an interested witness merely because he has a suit growing out of the same accident against both parties thereto.

2. It is for the jury alone to decide whether facts testified to are established by the evidence.

3. As assignment of error is bad which quotes only a portion of the general charge dealing with the subject-matter of which complaint is made.

4. A failure to explain the difference between interested and disinterested testimony is not reversible error, where appellant remained silent when asked if there was anything further to which he desired the attention of the jury to be called.

Argued May 28, 1918. Appeal, No. 109, Jan. T., 1917, by defendant, from judgment of C. P. Luzerne Co., Jan. T., 1914, No. 130, on verdict for plaintiff, in case of Charles Hufnagle v. Wilkes-Barre Railway Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Trespass for personal injuries. Before GARMAN, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $2,040 and judgment thereon. Defendant appealed.

*Errors assigned* were the charge of the court and in refusing to affirm defendant's points for charge.

*Paul Bedford,* with him *Frank A. McGuigan* and *John T. Lenahan,* for appellant.

*Abram Saulsburg,* with him *Mose H. Salsburg* and *E. B. Morgan,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, June 11, 1918 :

Plaintiff alleges that while driving along a public highway he was injured by being run into by a car of defendant. Each party avers that the accident was caused by the careless and reckless driving of the other. The case was submitted to the jury, which rendered a verdict in plaintiff's favor, and from the judgment thereon defendant now appeals, and assigns errors in the charge of the court.

The first assignment alleges error because of the denial of the fourth point of defendant, viz: "Plaintiff's witness, Courtright, is an interested witness." There were two witnesses of that name, and the point does not disclose which was referred to. Assuming that it was James Courtright, it appeared that he was a pedestrian on the highway at the time of the accident, claimed to be injured as a result of the collision, and had sued both

plaintiff's employer, and the defendant. He had no interest in the present suit, and was not an interested witness unless the existence of his two suits made him so. We do not think it did. Moreover, the trial judge had charged the jury to consider which witnesses were and which were not interested in the result of the case, and had particularly inquired of counsel whether there were any other points they desired him to mention to the jury. Defendant's counsel remained silent, and cannot now be heard to complain because the court relied on that silence.

The second assignment complains because defendant's ninth point was refused, viz: "All the medical testimony accounts for plaintiff's curvature of the spine as the natural, probable result of his occupation and not due to the accident." It was for the jury to say whether the medical testimony did "account" for that curvature. Even if every doctor had so said, and there was no other evidence to affect their opinion, the question was one of fact for the jury, and not of law for the court: McGlinn Distilling Co. v. Dervin, 260 Pa. 414. Moreover, there was evidence that before the accident plaintiff was a healthy, straight man, weighing two hundred and ten pounds; whereas, after being confined in bed for five months, as a result of the accident, he weighed but one hundred and ten pounds and had curvature of the spine. Under those facts it would have been error to affirm the point.

The third assignment complains of a fraction of the charge relating to an argument of plaintiff's counsel on one of the points in the case. It quotes one sentence of the charge and part of another; leaves out a large part of what the court said on the subject, in immediate connection with that which is assigned; and is now overruled for that reason. Assignments of error must fully quote all that the court said on the subject regarding which complaint is made; but may then aver, if desired, which part thereof is objectionable. Fairness to the

court below as well as to this court requires an enforcement of this rule.

The fourth and last assignment complains that the trial judge did not carefully explain to the jury the difference between interested and disinterested testimony. He was not asked to do so; and, as pointed out above, he did caution the jury to consider which witnesses were and which were not interested. He also told them that the plaintiff and his wife were interested, and that their evidence should be carefully scanned and weighed in the light of that fact. If defendant wished additional light given to the jury, it should have so requested when asked to call the court's attention to anything omitted.

The assignments of error are overruled and the judgment is affirmed.