# Conklin v. Beaver Valley Traction Co., Appellant.

*Negligence—Street railways—Infant — Conflicting testimony— Failure to ask instructions at the trial—Speed.*

1. Where in a negligence case against a street railway company for injuries to a child run down by an electric car, the evidence of two children called for the plaintiff is contradicted by the motorman, and is inconsistent with other testimony in the case, and the trial judge in his charge briefly calls attention to such inconsistencies, the defendant, after an adverse verdict, cannot, on appeal, complain that further instructions were not given, where the record shows that the trial judge expressly asked whether further instructions were desired, and that counsel for defendant sat silent without making any suggestion.

2. In such a case where the trial judge gives concise and clear instructions as to the single question at issue, the defendant cannot complain that further instructions as to the speed of the car were not given, if a request for such instructions was not made at the trial.

Argued October 21, 1919. Appeals, Nos. 128 and 129, Oct. T., 1919, by defendant, from judgments of C. P. Allegheny Co., July T., 1917, No. 1592, on verdicts for plaintiffs in case of Sarah Louise Conklin, a minor, by her next friend and father, Lawrence J. Conklin, and Lawrence J. Conklin, in his own right, v. Beaver Valley Traction Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Trespass to recover damages for injuries to a child three years old. Before COHEN, J.

Verdict and judgment for Sarah Louise Conklin for $5,500 and for Lawrence J. Conklin for $1,500. Defendant appealed.

*Errors assigned* were various instructions, and that the charge was inadequate.

*William A. Challener,* with him *Clarence Burleigh,* for appellant.

*H. Fred Mercer,* for appellees.

OPINION BY MR. JUSTICE FRAZER, January 5, 1920:

Sarah Louise Conklin, a minor, and Lawrence Conklin, her father, sued to recover for personal injuries to the minor, the result of alleged negligence on the part of the motorman operating one of the defendant's trolley cars. The questions of defendant's negligence and the contributory negligence of the father were submitted to the jury and verdicts returned for both plaintiffs, from which defendant appealed. The questions raised are the adequacy of the charge of the court in referring to the credibility of witnesses and the speed of the car, and the father's contributory negligence.

The plaintiff, Sarah Louise Conklin, was three years old at the time of the accident, which occurred in the street practically opposite her home, in the Borough of Beaver. The testimony shows that while crossing the street diagonally to her home, the child tripped and fell in front of an approaching car of defendant company, receiving the injuries complained of. The defense was the suddenness of the child's act prevented the motorman from stopping the car in time to avoid the accident. That the car was running at a reasonable speed, estimated at from twelve to fifteen miles an hour, is undisputed, and no negligence is charged in this respect. Plaintiffs contend, however, that had the motorman been attending to his duties properly he must have seen the child in time to avoid injuring her. In support of this contention they called Kenneth Brannon, aged ten years at the time of the trial, and about eight at the time of the accident, who testified that, as the car approached, the motorman was looking towards the cemetery, which is across the street from the Conklin residence, and did not look forward until he reached the cemetery gate, at

which time the nearness of the car to the child made the avoidance of the accident impossible. This testimony is contradicted by the motorman and it is with respect to the portion of the charge dealing with the testimony of the boy and also that of his brother, Odine Brannon, that complaint is made that the trial judge failed in his duty to call attention to the various matters affecting their credibility. Among other inconsistencies defendant claims the court failed to discuss, our attention is called to the fact that both boys testified the injured child had crossed the street to receive a flower from another little girl, Grace Cameron, who with her brother was at or near the cemetery gate, and that the Cameron children went "toward their brother's grave." Both Cameron children testified that they were not at the cemetery gate that morning. The testimony also shows the Cameron boy whose grave was referred to did not die until twelve days following the accident, and at the time of the injury to plaintiff was on the rear porch of his home. The testimony referring to the grave of the brother of the Cameron children may be explained by the fact that the witnesses were merely giving the direction the children were going, with reference to an object well fixed in their minds at the time of the trial. This is especially true when we bear in mind the tender age of the children and also the testimony of Grace Cameron, who stated she was "on the back porch with my dead brother" at the time of the accident. Although the evidence of the presence of the Cameron children at the cemetery gate is flatly contradicted, the difference in the weight of testimony measured by the number of witnesses was not so great as contended by counsel for defendant. The motorman admits that as he approached the gate two children, a boy and girl, came running from the cemetery, followed immediately by a little girl. This testimony corroborates the witnesses for plaintiff, except as to the identity of the two children. In referring to the testimony of these children the trial judge said: "Do you believe the testi-

mony of the boys, the two little Brannon boys, especially the first one that was called? Or do you believe the testimony of the Cameron boy and girl? You cannot believe both of them, because their testimony is as far apart as the positive and negative poles of a galvanic battery. You must pin your faith and your confidence onto the one or the other side."

The charge was brief and omitted detailed discussion of the evidence on either side. At the close, however, the trial judge inquired of counsel whether further instruction was desired and if he had omitted from the charge matters counsel desired presented to the jury; opportunity was thus given for additional instructions along lines that might be suggested. Notwithstanding the request, appellant sat silent and made no suggestion and having taken chances on a verdict it is now too late to complain of matters which, if erroneous or inadequate, they had an opportunity to have corrected: Mastel v. Walker, 246 Pa. 65; Hufnagle v. Wilkes-Barre Ry., 261 Pa. 599.

Complaint is also made that the language of the trial judge with reference to the speed of the car permitted the jury to find negligence in this respect in absence of evidence to sustain such finding. This contention has little merit in view of the undisputed fact that the car was not running at an unreasonable or excessive speed, and that the language complained of was merely used by the court in illustrating his definition of what constituted negligence and the jury must have so understood it. The precise issues were clearly defined in the beginning of the charge and also in a subsequent part where the court repeated the contention of defendant's counsel in argument to the jury to the effect there was but a single question raised which was whether the motorman did all he should have done under the circumstances to prevent injury to the child. If counsel for defendant desired further instruction he should have availed him-

self of the opportunity presented by the trial judge: Kovarik v. Lehigh Valley R. R., 240 Pa. 533.

We find no evidence warranting a finding that the parents, or either of them, were guilty of contributory negligence. What the trial judge said in discussing that question is not contrary to our decisions.

The judgment is affirmed.